Skillen *v*. Skillen, Jr.

———◇———

### SKILLEN *v*. SKILLEN, Jr.

BILL OF EXCEPTIONS.—*Motion for New Trial.*—A statement in a motion for a new trial, that the court refused to permit a witness to testify as to certain facts, cannot be taken as true by the Supreme Court, unless sustained by a proper bill of exceptions.

APPEAL from the Marion Superior Court.

OSBORN, J.—The appellee sued the appellant, to recover the amount of a promissory note executed by the latter to the former. Issues of fact were formed, a jury trial was had, resulting in a verdict for the appellee for five thousand one hundred and thirty-four dollars. A motion for a new trial was filed, in which various causes are assigned why a new trial should be granted; that the verdict was contrary to evi-

dence; that errors of law occurred on the trial, to which exceptions were taken at the proper time, and the errors complained of are pointed out and stated in the motion. The motion was overruled, and final judgment rendered on the verdict, on the 19th day of June, 1871. Thirty days were given the appellee within which to file a bill of exceptions.

An appeal was taken to the general term of the superior court, and the judgment at the special term was affirmed. The appellant excepted, and ten days were given him to file a bill of exceptions.

The error assigned in this court is the refusal of the court to reverse, and in affirming, the judgment of the special term.

The only point made by the appellant is as to the competency of a witness. It is said in the brief that the appellant offered himself as a witness to prove certain facts material to the issue, and that the court erroneously refused to permit him to testify as to those facts. That is set forth in the motion as one of the errors occurring during the trial. There is nothing in the record showing that any evidence was offered, or instructions given, in the case, except as it is stated in the motion for a new trial. No bill of exceptions was filed, and the statements contained in the motion cannot be taken as true unless sustained by a proper bill of exceptions. *The Indianapolis Piano Manufacturing Co.* v. *First National Bank of Indianapolis*, 33 Ind. 302; *McSheely* v. *Bentley*, 31 Ind. 235.

The appellant informs us, in his brief, that the same point is presented in another case pending in this court, "the mate to this case, and decided with it below, and to be decided with it here." That was the case of this appellant against William M. Skillen, affirmed at the present term, *post*, p. 260.

The judgment of the said superior court of Marion county is affirmed, with costs.

*S. E. Perkins* and *S. E. Perkins, Jr.*, for appellant.

*F. M. Finch* and *J. A. Finch*, for appellee.