## HOPKINS ET AL. *v.* THE GREENSBURG, KNIGHTSTOWN, AND CLARKSBURG TURNPIKE COMPANY ET AL.

TURNPIKE.—*Assessment of Omitted Lands.*—Assessors appointed under the act of 1867 to make assessments for the construction of a turnpike may correct an assessment by adding or including omitted lands.

SAME.—An objection to such corrected assessment, that it is a full list of all the lands, and not of the omitted lands only, is not valid.

SAME.—*Assessment Corrected After Construction of Road.*—An assessment of benefits for the construction of a turnpike can be corrected and collected after the road has been completed or partly completed.

SAME.—Whether such assessment is collected to construct the road, or to pay a debt created for its construction, can make no substantial difference to those who are to pay the assessments.

SAME.—*Action to Enjoin Collection of Assessment.*—In an action to enjoin the collection of a turnpike assessment, it is no ground for objecting to the assessment, that the lands of persons other than the plaintiffs are incorrectly described.

SAME.—*Pleading.—Departure.*—In an action to enjoin the collection of assessments for the construction of a turnpike, on the ground that lands liable to

assessment have been omitted, if an answer is filed setting up a corrected assessment, it is a departure to reply that lands of the plaintiff and other lands within the taxing limits are improperly described.

TRIAL BY JURY.—*Restraining Order or Temporary Injunction.*—In an application for a restraining order or temporary injunction, no jury trial is contemplated.

SAME.—*Perpetual Injunction.*—On the trial of an action for a perpetual injunction, where issues of fact are joined, the parties, or either of them, are entitled to a trial by jury.

EVIDENCE.—*Bill of Exceptions.*—Evidence cannot be made a part of a bill of exceptions by reference to a certain page of the record where it may be found.

MOTION FOR NEW TRIAL.—*Statements in Motion.*—Statements in a motion for a new trial cannot be taken as true, like those in a bill of exceptions.

TURNPIKE.—*Assessments.*—*Names of Owners of Lands.*—It is proper to give the names of the owners in the list of lands assessed for the construction of a turnpike, but the statute does not require it.

From the Decatur Circuit Court.

*J. D. Miller, J. S. Scobey,* and *O. B. Scobey,* for appellants. *S. A. Bonner, J. L. Bracken, B. W. Wilson, C. Ewing,* and *J. K. Ewing,* for appellees.

DOWNEY, J.—This is the second appearance of this case in this court. Its decision when it was here before may be found in 40 Ind. 44. The object of the action was, as·may be seen, to enjoin the collection of certain assessments against the lands of the appellants for the construction of the road of said company, on the ground that the assessors of benefits had failed·to list all the lands within the taxing limits.

The appellee had pleaded certain facts by way of estoppel, etc., which were held sufficient in the court below, but which were held insufficient by this court.

On the return of the cause to the circuit court, the defendant, the turnpike company, pleaded by way of amended answer, in bar of the action, except as to costs, that there were no lands benefited purposely omitted by the assessors, or partiality or favor shown in the assessment; that the assessment was made by the assessors as the officers appointed by the board of commissioners, and not as the agents or

employees of such company; and that the company in no way connived at, consented to, or procured the assessors to omit any lands, etc. It is further alleged that afterward, on the 17th day of February, 1873, the board of commissioners, upon the petition of the defendant, ordered said assessors to proceed on the 24th day of February, 1873, to view, list, and assess all lands, if any, omitted from the former assessment report; that said assessors did, on the 23d day of April, 1873, proceed to view, list, and assess all the lands at the Greensburg terminus of said road, and all other lands so omitted, and afterward, on the 23d day of April, 1873, reported the same with their affidavit thereto attached as a *nunc pro tunc* assessment as of the date of their former assessment and as a part thereof; that it will require all the resources of said company, including all of the assessments, to pay off and discharge the said indebtedness contracted in the construction of said road as aforesaid; that the auditor of said county has placed said corrected assessment on the duplicate of said county as of the date of the former; that in said subsequent assessment the omitted lands mentioned in the complaint were included, and thereby said assessment was so corrected and amended as to include a list of the lands within one and one-half miles of such road and a like distance of either end thereof; that said assessors have viewed all of such lands and assessed the benefits to each tract benefited, as shown by their report; and as to the residue of the complaint they deny each allegation thereof.

The plaintiffs demurred to the amended answer, on the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was overruled.

The plaintiffs then replied as follows:

1. The general denial.

2. That the assessment mentioned in the complaint was made by Robert Armstrong, Marsh W. Baker, and Thomas Kitchen, on the 4th day of October, 1868, by filing on that day their report and affidavit with the auditor of said county;

that said assessors were appointed under the law of 1867, to make said assessment, and for no other purpose; that on filing said report they were fully discharged from the duties of said appointment, and became from and after that time *functus officio;* that they were never called together or required to make any additional or supplemental assessment until long after the repeal of the law under which said original assessment was made, to wit, in March, 1873, when they were required to make the pretended assessment in the amended answer mentioned.

3. That the supplemental assessment mentioned in the answer was filed in 1873; that the same is not only an assessment of the lands omitted in the former assessment and report, but is a full list and assessment of all lands within one and one-half miles of said road, on either side thereof, and a like distance of either terminus; that said pretended assessors, Marsh W. Walker and Thomas Kitchen, have never been appointed by the board of commissioners of said county assessors under and pursuant to the act of the General Assembly of the State of Indiana, entitled an act authorizing the assessment of lands for plank, macadamized, and gravel road purposes, prescribing the manner of assessing and collecting the same, and repealing the law on that subject, approved March 11th, 1867, approved May 14th, 1869, but made said pretended assessment under and pursuant to their appointment under the act approved March 11th, 1867, therein repealed.

4. That the supplemental assessment is a new and complete assessment of all lands within one and one-half miles, etc.; that the same was filed in 1873; that the entire line of said turnpike road was contracted and built in the year 1869, long before the making of said assessment, in the answer set forth; and that the only object, use, or purpose of collecting such assessment is to pay off and discharge debts contracted by said company in the building and construction of said road long prior to the time of making such assessment.

5. That the original assessment was made by filing the report of assessors on the 14th day of October, 1868; that the grading and building of said road had been contracted for prior to said time, and a large portion of said work done; that the only use and purpose of collecting said assessments, in said amended answer mentioned, is to pay the outstanding obligations of said company contracted and entered into prior to the making of said assessment.

6. That the lands of the plaintiffs in said supplemental assessment mentioned, and a large portion of the lands within one and one-half miles of said road on either side thereof, are so indefinitely and insufficiently described as that the location and description of the same cannot be determined or said land identified, the same being described by prefixing the word "of" to section, quarter, eighty, or forty-acre tracts in which said lands are situated, and giving the number of acres thereof, without other or more definite description; that the listing of one hundred acres situate within the corporate limits of the city of Greensburg is wholly insufficient and indefinite, said lots being only described by giving the number of the lots and blocks of said city and the various additions therein, without giving the name of the owner or owners of any lot or portion thereof or other more definite description.

The defendants demurred to the second, third, fourth, fifth, and sixth paragraphs of the reply, on the ground that they did not state facts sufficient to constitute a reply, and the demurrer was sustained to all the paragraphs. This left no reply but the general denial, and as the record before us shows, no answer but the amended answer.

The plaintiffs demanded a trial by jury, which was denied by the court. A trial by the court resulted in a finding for the defendants.

A motion for a new trial was made by the plaintiffs, which was overruled by the court, and there was final judgment for the defendants.

The errors assigned in this court are as follows:

1. Overruling the plaintiffs' demurrer to the amended answer.

2. Sustaining the demurrer to the second, third, fourth, fifth, and sixth paragraphs of the reply.

3. Overruling the plaintiffs' motion for a new trial.

The ruling of the court on the demurrer to the amended answer was in accordance with the law as decided by this court in the case of *The Sand Creek Turnpike Co.* v. *Robbins,* 41 Ind. 79.

The second and third paragraphs of the complaint present the same question as that relating to the amended answer. The ground is assumed that the assessors, who were appointed and made the assessments under the act of 1867, could not correct the assessment by adding or including the omitted land. It was decided in the case to which we have referred that they could do so. The objection that the corrected assessment is a full list of all the lands, and not of the omitted lands only, is no valid objection. If it was shown that any change had been made in the assessment of the lands previously assessed, in the amount, or in any other material respect, the question would demand attention. But this is not alleged. We presume from the absence of such allegation that no such change was made, and that the assessors merely recopied that part of the original assessment, and added to it the omitted lands.

The fourth and fifth paragraphs of the reply raise the question whether the assessment can be corrected and collected after the road has been completed, or partially completed, for the purpose of raising means to discharge debts incurred for the building or completion of the road. The company might borrow money to complete and extend its road. 1 G. & H. 479, sec. 21. It had power and authority to issue bonds and other evidences of debt for the purpose of raising money for such purposes. 1 G. & H. 479, sec. 22. If the company thought fit to anticipate the collection of the assessment by borrowing money or incurring debts for the construction of its road, we find nothing in the stat-

utes on the subject prohibiting them from so doing. It might be greatly to the advantage of the company and those in need of the road and entitled to use it, to construct the road at once, trusting to the subsequent collection of the assessment for the means to enable them to pay off the debt incurred for that purpose. Whether the assessment is collected to construct the road or to pay a debt created for its construction, can make no substantial difference to those who are to pay the assessments.

The objection to the assessment mentioned and relied upon in the sixth paragraph of the reply is, that the lands of the plaintiffs and other lands within the taxing limits are imper-fectly described. This objection is not urged in the complaint. So far as it relates to defects in the description of the lands of persons other than the plaintiffs, it seems to us that it can not be allowed. If they do not raise the question, but pay the amount assessed, it is not for the plaintiffs to raise the objection for them. Although the sixth paragraph of the reply speaks of the lands of the plaintiffs in the supplemen-tal assessment, it must be understood that these are the lands of the plaintiffs mentioned in the complaint, and which are in the original assessment list as well as in the corrected list. This objection to the assessment, having been appar-ent in the original as well as in the corrected assessment, should have been made in the complaint, if the plaintiffs intended to rely upon it. It is an objection which, if it existed at all, existed when the complaint was filed. The complaint opposed the collection of the assessments on the ground that part of the lands within the taxing limits had been omitted from the list. The reply abandons the ground on which the case was put in the complaint, and attempts to put it on a new ground. This is a departure in pleading, and cannot be allowed. Whether the departure be in point of fact or of law, it is equally fatal to the reply, and the objec-tion to the pleading is properly presented or taken by demur-rer. *McAroy* v. *Wright*, 25 Ind. 22. For these reasons, we

think there was no error in sustaining the demurrer to the sixth paragraph of the reply.

It is insisted that the court erred in refusing a trial by jury on the motion of the plaintiffs. Counsel for appellees justify the ruling of the court on the ground that this was an application for an injunction, and that such applications are to be decided by the court without a jury. They say they think it has been almost uniformly understood by the profession, and by the courts of the State, that, in applications for injunctions, a jury trial is not contemplated by our statute. They refer us to cases decided in New York, under the code of that state, as authority. But upon an examination of the code of that state, we find it so different from ours on this subject, that no case decided by the courts of that state could be any authority here. Our present constitution provides, that, " in all civil cases, the right of trial by jury shall remain inviolate." Art. 1, sec. 20. This clause, it has been held, secures the right to a trial by jury in all civil cases which were regarded as such when the constitution was adopted. *The Lake Erie, etc., R. R. Co.* v. *Heath*, 9 Ind. 558. But it has been held that the legislature may extend that mode of trial to cases which were not, at the adoption of the constitution, regarded as civil cases, although they cannot take it away from cases contemplated by that clause of the constitution. *The Lake Erie, etc., Railroad Co.* v. *Heath, supra.* There can be no doubt but that the legislature has extended the trial by jury to cases in which it was not used before the enactment of the code. Then it was not used in chancery cases, except at the option of the chancellor. Now it is provided, that " issues of fact must be tried by a jury, unless a jury trial is waived." 2 G. & H. 196, sec. 320. If there is an issue of fact to be tried, whether the action be one which would formerly have been at law or in equity, the trial must be by jury, unless a jury be waived. In our opinion, the issue formed by the traverse of the amended answer in this case was an issue of fact, and should therefore have been tried by a jury, unless a trial

by jury was waived.  No waiver of the right to a jury appears.  On the contrary, a demand for a trial by jury was made at the proper time, the ruling of the court in refusing it was made a ground of the motion for a new trial, and the refusal to grant the new trial is assigned as error. Counsel for the appellant are no doubt so far correct in their position that upon an application for a restraining order or a temporary injunction, no jury trial is contemplated.  There is in such cases, properly, no issue to be tried, and granting or refusing the restraining order or injunction is a matter for the court or judge to decide.  But this cannot be the rule in cases where a perpetual injunction is the remedy sought, as in this case.  We conclude that the court erred in denying a trial of the issue by a jury.

The next question relates to the disqualification of Kitchen, one of the assessors of benefits, who acted in the making of the original as well as the supplemental assessment, in consequence of being an owner of property which was within the taxing limits.  Assuming that this question could be raised under the general denial, without replying the same, still we think it is not in the record.  The bill of exceptions says :

"Thomas Kitchen, a competent witness, being upon the witness stand, the plaintiff proposed to prove by the said Kitchen the following facts, to wit."

The facts which it was proposed to prove are not stated, but the clerk says, "see page 41 of this record."  Page 41 we find to be occupied by a part of the motion for a new trial.  The motion for a new trial is properly part of the record, but its statements cannot supply the facts which should appear in the bill of exceptions.  Its statements can not be taken as true, like those of the bill of exceptions. The motion is the language of counsel, while the bill of exceptions is the language of the court.  The bill of exceptions imports the truth, while the statements in the motion must be shown to be true by some appropriate evidence. We cannot regard this objection as shown by the record.

The last point made is, that the supplemental assessment is invalid, because the description of some of the tracts of land is indefinite, and in some cases the name of the owner is not given. Upon examination of the list, we find a few tracts of land which are probably not well described, and in most of the assessments of lots in Greensburg the name of the owner is omitted. Nothing is assessed against these lots.

As we have already stated, we think these appellants cannot sustain their action by showing a defect in the description of lands of other parties. These other parties may not make the objection, but may pay the assessments against their lands. The appellants cannot object for them. Several tracts are described thus: " Of n. e. ¼ 35, 11, 10, 40," with the words at the head of the columns to denote section, township, range, and acres. This may not be an indefinite description, if the line running parallel with the turnpike, one and a half miles from it, is taken as one of the boundaries. The description would then indicate that the forty acres were so much of the quarter section as lies within the prescribed limit. While we regard it as highly proper to name the owner of the property in the list, we do not find any thing in either the law of 1867 or that of 1869 which requires it. The first named statute says the assessors shall "make a list of all the lands within such bounds, and assess the amount of benefit that will result from the proper construction and maintenance of such proposed road. Acts 1867, p. 167, sec. 2. That of 1869 says they shall "make a list of said lands and assess the amount of benefit that will result to each tract from the proper construction," etc., "and report," etc., " in writing, and append thereto their affidavit," etc. Acts 1869, p. 74, sec. 3.

It may be well to remark in this connection, that in the case of *The Sand Creek Turnpike Co.* v. *Robbins, supra,* while an additional or amended assessment was sustained, which had been made by the assessors first appointed under the act of 1867, it was not decided that the omitted lands could

not be listed and assessed by other appraisers appointed under the act of 1869, nor was it decided that the additional assessment related back to the time when the original assessment was made.

The judgment is reversed, with costs; and the cause is remanded, with instructions to grant a new trial.