## WILER *v.* MANLEY.

REPLEVIN.—*Special Property in Officer.*—It is a good defence to an action for the recovery of the possession of personal property, that it has been taken by the defendant by virtue of a writ of attachment in his hands as sheriff against the property of a person not a party, who is the owner.

SAME.—*Instruction to Jury.*—*Evidence.*—*Admissions of Seller after Sale.*—*Fraud.*—When, in such an action of replevin, declarations of the plaintiff's vendor, the attachment defendant, made after the sale, were introduced in evidence without proper objection and exception, it was not error to instruct the jury that such evidence might be considered by them in determining the validity and good faith of said sale, if they found that there was a conspiracy between the plaintiff and his vendor to defraud the creditors of the latter.

INSTRUCTION TO JURY.—*At Request of Party.*—In such case, if the plaintiff desired that the court should explain to the jury what was meant by a conspiracy to defraud creditors, he should have submitted to the court an additional instruction on that point to be given to the jury.

PRACTICE.—*Exception.*—Without an exception to a ruling in admitting evidence over objection, no question upon such ruling can be presented to the Supreme Court.

BILL OF EXCEPTIONS.—*Objection to Evidence.*—Where the ground of an objection to evidence admitted is not shown by bill of exceptions, no question with reference to the overruling of the objection can be presented to the Supreme Court.

SAME.—*Statements in Motion for New Trial.*—The statement, in a motion for a new trial, of an objection made to evidence admitted or of an exception taken to a ruling admitting evidence over objection, cannot be taken as true, though such motion be contained in a bill of exceptions.

From the Pulaski Circuit Court.

*W. Z. Stuart, D. Turpie, W. C. Wilson* and *C. B. Lasalle,* for appellant.

*M. Winfield,* for appellee.

DOWNEY, J.—Action of replevin for the recovery of possession of a stock of goods by the appellant, Joseph Wiler, who sues by his next friend, against the appellee. The case was commenced in the Cass Circuit Court. The venue was changed to Carroll, and then to Pulaski, where the trial was had. Answer,

1. A general denial.

2. Property in one Jacob Wiler.

3. That the goods were the property of Jacob Wiler; that certain of his creditors had sued out an attachment against his property, which was in the hands of the defendant as sheriff, and by virtue of which he had seized the goods.

There was a motion to strike out the third paragraph of the answer, and also a demurrer thereto, both of which were overruled. Reply in denial of the second and third paragraphs of the answer.

Trial by jury, and verdict for the defendant. Motion for a new trial overruled, and judgment for return of property, or, if not returned, for the value thereof, etc.

The errors assigned are:

1. The overruling of the motion to strike out the third paragraph of the answer.

2. Overruling the demurrer to the same paragraph of answer.

3. Refusing to grant a new trial.

There was no error in overruling the motion to strike out the third paragraph of the answer, or the demurrer thereto. The answer was a good bar to the action. Had the court struck it out, or sustained the demurrer thereto, there would probably have been no error of which the defendant could complain. The sheriff had a special property in the goods, which enabled him to defend, and if the goods turned out to be the property of the attachment defendant, entitled him to a return of the property. See *Darter* v. *Brown*, 48 Ind. 395, and cases cited; also *Davis* v. *Warfield*, 38 Ind. 461.

Under the third assignment of error it is urged that the court improperly admitted in evidence declarations of Jacob Wiler, the plaintiff's vendor, made after the sale of the goods to the plaintiff. The court instructed the jury that such declarations were only to be regarded if they found that there was a conspiracy between Jacob and the plaintiff. We do not find, however, that any exception was taken to the ruling of the court in admitting this evidence. Without an exception, no question is presented for decision. *Corey*

v. *Rhineheart*, 7 Ind. 290; *Richardson* v. *Howk*, 45 Ind. 451. It is also objected that the court erred in admitting in evidence a letter written by said Jacob Wiler. The bill of exceptions does not show what the ground of objection to this evidence was, and, for this reason, no question with reference to the ruling is properly before us. *Jemison* v. *Walsh*, 30 Ind. 388.

Little complaint is made as to the instructions. The plaintiff asked this instruction:

"6. The admission and statement of Jacob Wiler, the vendor of the goods, made after the sale and delivery of the goods by him to Joseph Wiler, cannot be considered by you in determining the validity and good faith of the sale as to Joseph Wiler, unless you find they were made in his, Joseph's, presence, or with his knowledge or consent."

The court added to the instruction this language: "Or unless you find there was a conspiracy between them to defraud Jacob's creditors, and that said sale was made in pursuance of said conspiracy."

We think the instruction as modified was correct. *Caldwell* v. *Williams*, 1 Ind. 405. The evidence having gone to the jury without any proper objection and exception, there is no ground on which to complain of the instruction. It is urged that the court should have defined or explained to the jury what was meant by a conspiracy to defraud creditors. But we think the court might presume that the jurors had sufficient intelligence to understand what was meant. The plaintiff, if he thought they did not, might have submitted a further instruction on that point to be given by the court.

Upon the facts, we cannot say that the evidence did not justify the verdict of the jury. There are many circumstances indicative of fraud in the transaction, and that was a question involved in the issues and proper for the jury to decide.

The judgment is affirmed, with costs.

### ON PETITION FOR A REHEARING.

DOWNEY, J.—A petition for a rehearing has been filed in this case in which counsel for appellant express the belief that counsel for appellee has misapprehended the state of the record, and that he has misled the court upon the question as to the failure to except to the ruling of the court in admitting the evidence of declarations of Jacob Wiler, and with reference to the failure to point out any objections to the admissibility of the letter written by Jacob Wiler. Upon examination of the petition and the parts of the record to which our attention is called, we find that the statements relied upon by counsel for appellant to show that an exception was taken to the admission of the parol evidence, and an objection pointed out to the reading of the letter in evidence, are found in the motion for a new trial. It seems almost unnecessary to say that the statements in the motion for a new trial cannot perform this office. The fact that the motion for a new trial is contained in a bill of exceptions cannot change the rule. The motion for a new trial is properly a part of the record, but its statements cannot supply the facts which should appear in the bill of exceptions. Its statements cannot be taken as true like those of the bill of exceptions. *Hopkins* v. *The Greensburg, etc., Turnpike Co.,* 46 Ind. 187.

The petition is overruled.