MADDY v. THE SULPHUR SPRINGS AND WESTERN TURNPIKE CO.

PROMISSORY NOTE. — *Pleading.* — *Turnpike.* — *Assessment.* — *Failure to List Lands.* — *Estoppel.* — The defendant in an action by a turnpike company, as payee, on a promissory note, answered, admitting the execution of such note, and alleging that the consideration of the same was an assessment upon his real estate, to aid in the construction of the plaintiff's road, but averring that the same was void, on account of the fact that the assessors of benefits for the plaintiff's road had omitted to list and assess certain lands within one and one-half miles of such road, and that, at the time such note was executed, the defendant did not know of such omission.

*Held*, on demurrer, that the answer is sufficient.

*Held*, also, that the defendant is not estopped, by having executed the note in suit, from attacking the validity of such assessment.

*Held*, also, that, if such assessment has since been perfected, that fact should be replied.

From the Henry Circuit Court.

*A. M. Grose* and *W. Grose*, for appellant.

*M. E. Forkner* and *E. H. Bundy*, for appellee.

PERKINS, C. J.—Suit by the appellee, against the appellant, upon a promissory note for thirty-six dollars, averred in the complaint to have been made by the appellant, payable to the appellee, by the name of "H. Minesinger, Tr. S. S. & W. Tp. Co." A copy of the note was filed with the complaint as part thereof.

The note was dated November 23d, 1869.

A demurrer to the complaint was overruled, and exception taken.

Answer as follows:

"The defendant says that the note sued on was exe-

cuted for an assessment upon the defendant's lands for the construction of the turnpike road of the plaintiff, under and by virtue of the act of the Legislature, approved March 11th, 1867, touching the construction of plank and gravel roads, etc., and for no other consideration ; that said turnpike road and the route thereof were as follows : Commencing at the road running north and south through the town of Sulphur Springs, in said county of Henry, running thence due west on the section line, as near as practicable, until it intersects the Middletown and Mechanicsburg Turnpike at the Wilhoit school-house, a distance of four and one-half miles ; that, in making said assessment for the plaintiff's road, the assessors wholly omitted to list and assess the benefits to or on any of the lands adjacent to, and within one and a half miles east of, the eastern end and terminus of said road, resulting from the making and construction of said road, nor have the lands east of, and adjacent to, the eastern terminus of said road, ever been listed, or the benefits to said lands, accruing from the construction of said road, been assessed ; that, at the time of giving said note, defendant was entirely ignorant of the fact that said lands had not been assessed," etc.

Demurrer to this answer sustained, the ruling excepted to, and, the defendant declining to answer further, the plaintiff had judgment, from which the defendant appealed, etc.

It is assigned for error, that the court erred in sustaining the demurrer to the defendant's answer.

The act of 1867 above referred to requires, that " The amount of benefit to each tract of land within one and one-half miles of such road on either side thereof, or within the like distance of the terminus thereof," shall be assessed. Acts 1867, Reg. Sess., p. 167, sec. 1.

The answer avers that lands liable by this statute to be, were not, assessed.

In *The Greensburgh, Milford and Hope Turnpike Co.* v. *Sidener*, 40 Ind. 424, it is said:

" It has been repeatedly decided by this court, that where assessors, appointed under the act providing for assessments on lands to aid in the construction of roads, omitted, in the list returned by them, any land within one and one-half miles from the proposed road, their entire assessment is void, and an injunction will lie to prevent its collection."

Many authorities are cited in which such decision was made.

If the assessment was void, the note given for it was without consideration. But counsel for the appellee say the assessment may have been perfected. The answer avers, substantially, that it had not been at the time the answer was filed, and it was filed in May, 1875, six years and six months subsequent to the execution of the note, which must have been executed some time subsequent to the assessment.

If the assessment had been perfected, it should have been shown in a reply.

But it is further argued, that, if the assessment has not been perfected, it may yet be; that it can not, therefore, be said to be void, but only voidable. See *Hopkins* v. *The Greensburg, etc., Turnpike Co.*, 46 Ind. 187.

Conceding this to be so, who is to avoid it? Certainly, the person against whom the voidable assessment is made may do so. The maker of this note is such a person. If this suit were upon the assessment, he could, by interposing the defence, avoid the assessment, and defeat the suit. But it is urged that he is estopped, by the giving of the note, to attack the assessment. The answer to this proposition is the fact, that, when he gave the note, he had no knowledge of the defect in the assessment.

The turnpike company should have had their assessment perfected, whereby it would have been validated, before the institution of this suit.

The judgment is reversed, with costs, and the cause remanded, etc.