## HYATT *v.* CLEMENTS.

NEW TRIAL.—*Cause.*—*Assignment of Error.*—*Practice.*—Error which is merely cause for a new trial can not properly be assigned as error, in the Supreme Court, on appeal.

OPEN AND CLOSE.—*Burden of Proof.*—*Promissory Note.*—*Attorney's Fees.*—*Pleading.*—In an action upon a promissory note containing a stipulation for a reasonable attorney's fee, wherein the complaint demanded a certain sum, alleged to be reasonable, as the attorney's fee, the defendant,

Hyatt v. Clements.

for the purpose of obtaining the right to open and close the cause, in which he had otherwise set up affirmative defences only, answered admitting that the plaintiff was entitled to recover, as an attorney's fee, a sum bearing the same proportion to the amount otherwise recovered, as the sum demanded therefor bore to the total amount of the note, on its face, at the commencement of the action.

*Held,* on demurrer, that the answer is insufficient, that the burden of proof is upon the plaintiff, and that he is entitled to the open and close.

SUPREME COURT.—*Objection to Evidence.—Record.—New Trial.—Practice.* —Where the record, on appeal, does not show that the grounds of an objection made to the admission of evidence were stated to the court where it was made, it will not be considered by the Supreme Court.

SAME.—*Truth of Error Alleged.—Bill of Exceptions.*—Where the truth of matter alleged as cause for a new trial does not appear by a bill of exceptions, the Supreme Court will not consider it.

PAYMENT.—*Application of.—Promissory Notes Maturing at Different Times. —Statute of Limitations. —Credibility of Witness.—Instruction.*—In an action by the payee, against the maker, on several promissory notes maturing at different times, wherein the defendant alleged and testified that he had paid the note which had first matured to the plaintiff's husband, on her request, the court, in its instructions to the jury as to the application of certain other payments made to the plaintiff, instructed them, that, if they did not believe that such note had been paid, and if no application of such other payments had been made by either party, they should be first applied on that note.

*Held,* the jury possibly disbelieving such witness, that the instruction was proper.

SAME.—*Money Paid to Third Person, on Request.*—It appearing from the evidence in such action, that the defendant was surety on a claim against the estate of the payee's deceased husband, of which she was the administratrix, and that he was entrusted by her with the assets and business of such estate, it was proper to instruct the jury, in relation to a payment which the defendant alleged and testified he had made, out of the notes in suit, on her request, upon such claim against the decedent, that it was incumbent upon the defendant to establish, by a preponderance of the evidence, that such request was to make the payment out of money owing to her individually.

SAME.—*Land Purchased by Maker, on Payee's Request.—Trusts.*—Where, in such case, the defendant sought to obtain a credit on the notes for money alleged to have been paid by him, on the request of the plaintiff, for lands purchased by, and conveyed to, the defendant, for the plaintiff, the court instructed the jury, that, if such purchase was made pursuant to an agreement that the defendant should take the conveyance in his own name, and pay for the same out of the money he owed the plaintiff, such payment should

be credited on the notes as of the date it was made, but that, if the purchase was made without any agreement that payment therefor should be made out of the money owing to the plaintiff, or without her request, knowledge or consent, or an unreasonable time after such request, and without notice to the plaintiff, it should not be allowed as a credit. *Held*, that the instruction was proper.

SAME.— *Instruction on Failure to Answer Interrogatories.*—On failure of a jury to answer some of certain interrogatories the court explained the interrogatories and directed them to be answered fully, " even if it required a re-examination of the whole case, and had the effect to change their general verdict." *Held* that the instruction was proper.

SAME.— *Failure to Except.*— *Waiver.*—A failure to except to the giving of an instruction, at the time it is given, waives all objection thereto.

From the Pike Circuit Court.

*W. R. Gardiner* and *W. Armstrong*, for appellant.
*J. H. O'Neall* and *D. J. Heffron*, for appellee.

HOWK, C. J.—This was an action by the appellee, as plaintiff, against the appellant, as defendant, to recover the amount alleged to be due on two promissory notes.

The appellee's complaint was in two paragraphs, each of which counted upon a different note. The notes were both executed by the appellant, and were payable to the appellee.

In the first paragraph of her complaint, the appellee sued on a note for forty-five hundred dollars, dated January 28th, 1868, payable one day after date, without relief, etc., with ten per cent. interest from date, and containing a stipulation, that, " If this note should be collected by suit, the judgment shall include the reasonable fee for plaintiff's attorney. The appellee averred in said paragraph, *inter alia*, that a reasonable fee for her attorneys was five hundred dollars, which she asked might be included in her judgment.

The note sued upon in the second paragraph of the complaint was for two hundred dollars, dated May 19th, 1857, and payable on or before the 25th day of De-

cember next, to the appellee, by her then name of Glenn McJunkins, "without regard to stay or value laws."

The action was commenced in the Daviess Circuit Court, but afterward, on the appellant's application, the venue thereof was changed to the court below.

The appellant answered in six paragraphs, to the first five of which paragraphs the appellee replied in four paragraphs, the first of which was a general denial.

On the appellant's motion, the court struck out the third paragraph of reply, and to the fourth paragraph of said reply the appellant's demurrer was sustained by the court.

The appellee demurred to the sixth paragraph of the answer, upon the ground that it did not state facts sufficient to constitute a defence to her action, which demurrer was sustained by the court, and to this decision the appellant excepted.

The issues joined were tried by a jury, and a general verdict was returned for the appellee, assessing her damages in the sum of five thousand three hundred and forty-three dollars and ninety-five cents, and her attorneys' fee in the sum of one hundred and eighty-three dollars and sixty cents. With their general verdict, the jury also returned into court their special findings on particular questions of fact, submitted to them by the parties; under the direction of the court; but, as there was no motion for judgment on these special findings, we need not set them out in this opinion.

The appellant's motion for a new trial was overruled, and to this ruling he excepted and appealed to this court.

The appellant has properly assigned, as errors, the following decisions of the circuit court:

1. In sustaining the appellee's demurrer to the sixth paragraph of his answer; and,

2. In overruling his motion for a new trial.

The appellant has also assigned, as errors, a number of causes for a new trial. But causes for a new trial, as we have often decided, are not properly assignable as errors; and, when thus assigned, they present no questions for our decision. Buskirk Prac., p. 126, and authorities cited; *Freeze* v. *DePuy*, 57 Ind. 188; and *Walls* v. *The Anderson, etc., R. R. Company*, 60 Ind. 56.

1. In the sixth paragraph of his answer, the appellant, for answer to so much of the first paragraph of the appellee's complaint as related to her attorney's fees, said that the amount demanded for that purpose was six and two-thirds per cent. of the full amount of said note to the date of the filing of said paragraph, to wit, May 26th, 1876, which, the appellee averred, was due and unpaid; and the appellant admitted, that, as to whatever sum might be found due the appellee, the said per centum thereof, or a sum in the same proportion as five hundred dollars was to the full amount of said note, was a reasonable fee for the appellee's attorneys.

In discussing the sufficiency of this paragraph of answer, the appellant's learned attorneys, in their brief of this cause in this court, make use of this language : " It may be observed, that this plea was intended for the double purpose of avoiding the necessity of testimony to prove the value of the attorney's fees, and thereby to secure to appellant the right of the burthen, and to open and close on the trial." This latter purpose, we may fairly assume, without injustice to the appellant or his counsel, was the controlling one which prompted the filing of this sixth paragraph of answer. It seems to us that the paragraph was bad for any purpose, and that the appellee's demurrer thereto was correctly sustained. So far as the attorney's fees were concerned the appellee did not seek to recover a percentage on any sum, but she alleged, that the fees were reasonably worth the gross sum of five hundred dollars. In a litigated case, where the amount of the recovery is uncer-

tain, a percentage on such amount is not a reliable criterion for the measurement of a reasonable attorney's fee. The appellee had the right to aver, and to prove the averment if not admitted, that a reasonable attorney's fee would be, without regard to the amount of recovery, the sum of five hundred dollars. The admission as to the attorney's fees, in the sixth paragraph of the appellant's answer, was based upon a rule which the appellee had not adopted in her complaint, and which neither the court nor the appellant could require her to adopt. Under the allegations of her complaint, the appellee had the burthen of the issue to prove that the fees of her attorneys were reasonably worth the sum of five hundred dollars; and an admission by the appellant, that a certain percentage on the amount of the recovery would be a reasonable attorney's fee, is not such an admission of the allegations of the complaint, as would relieve the appellee from the burthen of proof. This point is settled adversely to the appellant's position, and we think correctly so, in the case of *Camp* v. *Brown*, 48 Ind. 575.

In our opinion, the court did not err in sustaining the appellee's demurrer to the sixth paragraph of the appellant's answer.

2. In his motion for a new trial of this action, the appellant has assigned many causes therefor, consisting chiefly of alleged errors of law, occurring at the trial. We will consider such of these causes for a new trial as the appellant's counsel have presented and discussed in their well considered brief of this cause in this court. In so doing, we will take up these causes in the same order in which counsel have presented them.

On the trial of the cause, the appellant moved the court for leave to make the opening statement to the jury, and the opening and closing arguments, and to assume the bur-

then of the issues, which motion was overruled by the court, and to this ruling he excepted.

What we have said in relation to the insufficiency of the sixth paragraph of the answer is decisive of the question now under consideration. The appellee, as we have seen, had the burthen of the issues, and it followed therefrom, that she had the right to open and close the case to the jury. This is settled law in this State, both under the practice act and by the decisions of this court 2 R. S. 1876, p. 166, sec. 324; *Tull* v. *David*, 27 Ind. 377; *Hamlyn* v. *Nesbit*, 37 Ind. 284; and *Heilman* v. *Shanklin*, 60 Ind. 424. The appellant's motion was correctly overruled.

On the trial, the appellee was a witness in her own behalf; and, while on the witness stand, her counsel asked her this question:

" State whether, at any time, you gave Mr. Hyatt any authority to pay the Pearson debt ? "

To this question, we learn from the bill of exceptions, " the defendant, by his attorneys, at the time objected, which objection was overruled by the court, to which said ruling the defendant at the time excepted," and the appellee was allowed to answer the question. The record fails to show that the appellant stated to the circuit court the grounds of his objection to the question. In such a case, the rule is well settled, that this court will not, on appeal, consider the question of the admissibility of the evidence, nor any objections here to its admission. *Bishplinghoff* v. *Bauer*, 52 Ind. 519; *Rosenbaum* v. *Schmidt*, 54 Ind. 231; and *McCormick* v. *Mitchell*, 57 Ind. 248.

The next point presented by the appellant's counsel, in argument, arises under the tenth alleged error of law occurring at the trial, which was thus stated in the motion for a new trial:

" That the court erroneously required defendant to insert, in his first and second interrogatories, the words, ' out of

money coming to her on his note,' before it would submit said interrogatories to the jury."

Very singularly, as it seems to us, the bill of exceptions, which to us imports absolute verity, wholly failed to show that the court required the appellant to insert the words mentioned, in either of said interrogatories, or that he objected to any such requirement, or that the court overruled any such objection, or that he excepted to any such ruling. In so far, therefore, as this alleged error of law is concerned, the motion for a new trial is not sustained by the bill of exceptions. In this court, the statement of facts, in a motion for a new trial, is not regarded as true, unless the truth thereof is shown by a bill of exceptions properly in the record. *Skillen* v. *Skillen*, 41 Ind. 122; *Hopkins* v. *The Greensburg, etc., Turnpike Co.*, 46 Ind. 187; *Wiler* v.*Manley*, 51 Ind. 169; *Graeter* v. *Williams*, 55 Ind. 461. The question discussed by counsel is not shown by the record, and therefore is not properly before us.

The next alleged error, complained of by the appellant's attorneys, in this court, was the instructions of the circuit court to the jury trying the cause. There were four of these instructions, and to each of them the record shows that the appellant objected and excepted. We will briefly consider these instructions, and the objections of counsel thereto, in the order in which they were given.

The first instruction was as follows:

" 1. If you believe from the evidence, that the smaller of the notes sued on had not been paid to R. A. Clements, in his lifetime, with plaintiff's knowledge or consent, and that the defendant gave no directions that the payments made to the plaintiff should be applied on the large note, and the payments made were not applied by the plaintiff, then you should apply so much of the first payments made by the defendant, as will be sufficient, to pay the said small note, it being the older of the two, and sooner barred by the statute of limitations."

The objection of counsel to this instruction is, "that there was no evidence in the case that tends to show that the small note, or any part of it, was ever paid in any other way, except as stated in the testimony of the appellant." This objection, if such it may be termed, is not well taken. It is true that the appellant had testified to his payment of "the smaller note, in cash, $100.00, and the residue in building material, in the lifetime of appellee's husband, R. A. Clements, and at no other time and in no other way." If the jury believed this testimony of the appellant, then the smaller note was paid and out of the case. But the jury might not believe the appellant's testimony on this point; and therefore it was right and proper for the court, as it seems to us, to instruct the jury, if they believed that the smaller note had not been paid to R. A. Clements, in his lifetime, and payments had been made, without directions by the appellant as to their application, and without application by the appellee, how they, the jury, should appropriate or apply the payments thus made, upon the notes in suit. The objection of the appellant's attorneys to the first instruction of the court, in our opinion, was not well taken, and was properly overruled.

The second instruction of the court to the jury was as follows :

"2. If you believe from the evidence, that the defendant has not made out, by a preponderance of the evidence, that the plaintiff had requested him to pay the Pearson claim out of her money, then you should find for the plaintiff on defendant's plea involving that issue, and should answer the first interrogatory, propounded by the defendant, in the negative; but, if you should find that the plaintiff requested the defendant to pay the amount due from Richard A. Clements, as commissioner in the Pearson partition suit, out of her money, then you should find for the defendant upon that issue, and allow the

amount paid by Hyatt as a credit upon the note, as of the date it was paid by him, and should answer said interrogatory in the affirmative."

The only objection urged by the appellant's counsel to this instruction is, that it in substance informed the jury, that the mere verbal request by. the appellee of the appellant, that he would pay the Pearson claim against her deceased husband's estate, would not subject her to a personal liability for the amount of such payment, unless she had requested that it should be made " out of her money" in the appellant's hands. There was no error in this instruction; but it seems to us to have been eminently just, right and proper. The appellant was the step-father of the appellee, had become such when she was a tender infant of but three years of age, and had reared her from infancy to womanhood. When bereft of her husband, it was natural that the appellee should turn to the appellant, the only father she had ever known, for counsel, advice and assistance. She loaned him her money, and received therefor his note, described in the first paragraph of her complaint. She became the administratrix of the estate of her deceased husband; but ·the evidence showed that she entrusted the business and assets of said estate to her father, the appellant. The Pearson claim was not a claim against the appellee personally, but only, if at all, in her fiduciary or representative character of administratrix. While this is so, it appears from the record, that the claim in question was a personal claim or demand against the appellant, as the surety of the decedent, Richard A. Clements. Under such circumstances, it seems to us, that, if the appellee requested the appellant to pay the Pearson claim, the presumption would be, the contrary not appearing, that the request was made by her, as administratrix. We are clearly of the opinion, that the appellee ought not to have been chargeable with, or responsible for, the amount paid by the appellant, in discharge of the Pearson

claim, unless and until it had been shown by a preponder-ance of the evidence, that she had requested such payment to be made out of her own money in the appellant's hands.

The same objection, and none other, is presented by the appellant's attorneys to the fourth instruction, as to the second instruction. For the reasons given, we think that no error was committed by the court, in giving the jury the said two instructions, or either of them.

The third instruction of the court to the jury was as follows :

" 3. If there was an agreement between the plaintiff and defendant, that the defendant, Hyatt, should pur-chase the strip of land from Wildridge, and pay for the same out of the money of the plaintiff and take the deed in his own name ; if, in pursuance of such agreement, he did buy the land and pay for the same out of the money due the plaintiff, and took a deed in his own name ; then he would hold the land in trust for the plaintiff, and she would be the equitable owner, and would be chargeable with the amount he paid for the land, and you should al-low the sum paid, as a payment on the note, as of the date it was paid by Hyatt ; but, if there was simply a request by the plaintiff of the defendant to buy the strip of land, and no agreement that it should be paid for out of the money of the plaintiff, and that Hyatt should take the deed in his own name, and thereafter Hyatt did buy the land and take the deed in his own name, she could not be compelled to take a deed from him now ; and in that event you could not allow the amount so paid as a credit on plaintiff's note ; or, if there was a request by the plaintiff for the defendant to buy the land, even though you might infer that the request was to pay therefor, out of money due from defendant to plaintiff, if, after the lapse of an unreasonable length of time, without any further under-

standing or request from the plaintiff, the defendant did buy the land and take the deed in his own name, in that event you could not allow the amount so paid as a payment on the note. If Hyatt paid for the lot and took the deed in his own name without her knowledge or consent, she can not be compelled to take a deed from him, and allow the amount paid as a payment on her note."

Of this instruction the appellant's counsel say: "We hardly think the third instruction complained of states the law fairly under the issues of this case." We think otherwise. It seems to us, that the instruction contains a full, fair and correct statement of the law applicable to so much of the appellant's defence of this action as sought to obtain a credit on the notes in suit, as a payment to the appellee, or to charge her, by way of set-off, by and with the amount paid by the appellant, in the purchase of the Wildridge strip of land. If the appellee was properly chargeable with the amount paid by the appellant, in the purchase of the Wildridge lot, the appellant would get credit for the amount so paid, under the instruction of the court, whether it was pleaded as payment, or as a set-off for money paid at appellee's request. The instruction was applicable alike to an answer of set-off or a plea of payment; and it seems to us, that the jury could not have been misled nor the appellant harmed thereby.

The last alleged error, complained of in argument by the appellant's attorneys, relates to an instruction of the court to the jury, after they had returned a general verdict and answers to some of the questions of fact submitted to them by the parties. It appears from the bill of exceptions, that the court then instructed the jury as follows:

"That they had failed to answer the interrogatories propounded by the plaintiff, and to fully answer those propounded by the defendant; and after explaining said inter-

rogatories, the court stated to the jury, that they should answer the interrogatories propounded by the plaintiff, and answer fully those propounded by the defendant; then they should make their general verdict consistent with their answers to the interrogatories, even if it required a re-examination into the whole case, and had the effect to change their general verdict."

It is very certain, we think, that the appellant can not complain, in this court, of this alleged error; for the record fails to show, that he either objected or excepted to the action or instruction of the circuit court in the premises. In section 343 of the practice act, it is provided, that "The party objecting to the decision must except at the time the decision is made." 2 R. S. 1876, p. 176. And this statutory rule of practice has been recognized, and followed by this court, ever since the adoption of our code.

In Buskirk's Practice, p. 289, it is said: "It is firmly settled that unless an exception is taken and entered upon the record in the manner prescribed by statute, at the time the decision is made in the court below, the objection is waived, and the record presents nothing for the determination of the Supreme Court." See, also, the authorities there cited.

In the case at bar, as we have seen, the appellant neither objected nor excepted, at the time, to the action and instruction of the circuit court, now complained of. His objection comes too late, and must be regarded as waived; and, as to the matter now under consideration, the record presents nothing for our determination. Besides, it seems to us, that the action and instruction of the court, complained of by the appellant, as the same are set forth in the record, were not open to objection of any kind, but were fully authorized by law.

We have now examined and passed upon all the questions presented and discussed by the appellant's counsel;

NOVEMBER TERM, 1878.                    25

and our conclusion is, that no error was committed by the
court below, in overruling the appellant's motion for a
new trial.

We find no available error in the record of this cause.

The judgment is affirmed, at the appellant's costs.

Petition for a rehearing overruled.