No. 8593.

CLAFLIN ET AL. *v.* COTTMAN ET AL.

PRACTICE.—*Instructions.*—Copying instructions into a motion for a new trial does not make them a part of the record.

REPLEVIN.—*Fraud.*—Where goods are bought by fraud and false pretences and are afterwards sold on execution against the buyer, to a *bona fide* purchaser, the original vendor of the goods can not maintain replevin therefor against such purchaser.

From the Marion Superior Court.

*J. W. Gordon, R. N. Lamb* and *S. M. Shepard,* for appellants.

*N. B. Taylor, F. Rand* and *E. Taylor,* for appellees.

BICKNELL, C. C.—This was an action of replevin by the appellants against the appellees. George Hazzard, one of the appellees, bought the goods in controversy from the appellants upon credit, by fraud and false pretences. Before the credit expired, he gave the appellants for the debt the following note:

"$1383.23. NEW YORK, August 10th, 1878.

"Twenty days after date we promise to pay to the order of H. B. Claflin & Co., value received, thirteen hundred and eighty-three $\frac{23}{100}$ dollars, at Third National Bank in New York. [Signed] GEORGE W. HAZZARD & Co.,

"Due Sept. 2, '78. Auburn, Ind."

Hazzard was insolvent, and went into bankruptcy, August, 25th, 1878.

The goods were sent to Auburn, Indiana, where Hazzard had a store. Upon their arrival there, Hazzard sent them to Indianapolis, to the store of Robert S. Foster & Co., and there offered to sell them, at private sale, to Cottman, one of the appellees. The Citizens National Bank of Indianapolis had a judgment against Hazzard, and an execution on that judgment was levied on the goods on the 12th of August, 1878, and on the 26th of the same month the goods were sold under said execution to the appellee John A. Cottman,. who bought them for Fletcher & Churchman.

The appellants discovered Hazzard's fraud on' the 15th of August, 1878, and on the 28th of August, 1878, they re-plevied the goods; and, the appellees having filed a bond pursuant to the statute, the sheriff delivered the goods to them, on the same day last mentioned.

The complaint in replevin was in the common form; the defendants, except Hazzard who was not found, answered by general denials.

The issues were tried by a jury at the special term; on' the trial, the appellants brought into court and surrendered the note given them by Hazzard, nothing having been paid upon it. The jury returned a verdict for the appellees. The appellants moved for a new trial, for the following reasons:

1. Error of law upon the trial, in refusing to permit the appellants to read a notice served by them upon the appellee Cottman, that they had rescinded the sale to Hazzard, and that they claimed the goods.

2. Error in refusing instructions asked by the appellants, Nos. 1 to 5 inclusively.

3. Error in instruction No. 1 given by the court.

4. That the verdict is not sustained by sufficient evidence.

5. That the verdict is contrary to law.

This motion was overruled, and judgment was rendered for the appellees upon the verdict. The appellants took an appeal to the court in general term; there the judgment of the special term was affirmed, and the appellants took an appeal to this court. The error assigned in the general term was the overruling of the motion for a new trial; the error assigned in this court is, that the court below, in general term, erred in affirming the judgment of the special term.

The first reason for a new trial, not being alluded to in the appellants' brief, is regarded as waived. As to the second and third reasons for a new trial, the appellees claim that the instructions are not properly in the record, and that therefore no question as to them can be considered by this court. The instructions alleged to have been given and refused are found only in the motion for a new trial; they are not in the bill of exceptions, nor anywhere else in the record. When instructions, given by the court of its own motion, are signed by the judge, and filed, or when those asked for by a party are signed by the party or his attorney, and filed, they become a part of the record, but are not to be entered at large upon the final record, unless in case of appeal, and then they are to be copied into the record, as the complaint, answer, reply and demurrer are copied. *Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325.

Section 325 of the practice act provides two modes of exception to the giving or refusal of instructions, first, by bill of exceptions; second, by writing at the close of each instruction objected to the words "given and excepted to," or "refused and excepted to," over the signature of the party or his attorney. 2 R. S. 1876, p. 168.

In the case at bar, the motion for a new trial contains the following statements as to the instructions:

"*Second.* The court erred in refusing to give to the jury the instructions in writing asked for by the plaintiffs, and numbered from one to five inclusively, and each of them, said instructions being in the words and figures following, to wit:" Then follow five instructions, after each of which is written the following: "Refused by the court, and excepted to at the time by the plaintiffs." [Signed] A., B. & C., plaintiffs' attorneys.

"*Third.* The court erred in giving each and every instruction given by the judge upon his motion, and numbered one (1), and excepted to at the time by said plaintiffs, as follows:" Then comes what purports to be said instruction, followed by what purports to be the signature of the judge.

The foregoing statements in the motion for a new trial are the only evidence contained in the record, that such instructions were given or refused, and they are the only evidence of any exception taken to instructions. But such statements in a motion for a new trial can not be taken as true. *McSheely* v. *Bentley,* 31 Ind. 235; *Indianapolis, etc., Co.* v. *First Nat'l Bank, etc.,* 33 Ind. 302. In *Emmons* v. *Newman,* 38 Ind. 372, this court said: "But it may be maintained that as a motion for a new trial becomes a part of the record without a bill of exceptions, and as the motion in this case embodied the instructions said to have been asked and refused, the instructions were thus made a part of the record. * * * This court can not accept, as true, the statements contained in a motion for a new trial. * * * How do we know that any such instructions were asked and refused?" See, also, *Burnett* v. *Overton,* 67 Ind. 557.

This court held in *The Aurora F. Ins. Co.* v. *Johnson,* 46 Ind. 315, that "copying the instructions into the motion for a new trial did not make them a part of the record." So, in *Hopkins* v. *The Greensburg, etc., T. P. Co.,* 46 Ind. 187,

this court said : "The motion for a new trial is properly a part of the record, * * its statements can not be taken as true, like those of a bill of exceptions. The motion is the language of counsel, while the bill of exceptions is the language of the court." See, also, to the same effect, *Wiler* v. *Manley*, 51 Ind. 169. The foregoing authorities show that the alleged instructions, in the case at bar, are not properly in the record, and therefore no question as to the instructions is presented here.

As to the fourth and fifth reasons for a new trial, to wit, that the verdict is not sustained by sufficient evidence, and is contrary to law, we have examined the evidence ; it shows conclusively that the defendants, who purchased the goods in controversy at the execution sale, were *bona fide* purchasers without notice ; the appellants therefore could not recover. The verdict was right. The Superior Court in general term committed no error in affirming the judgment of the court in special term, and the judgment of the court in general term ought to be affirmed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, affirmed, at the costs of the appellants.