No. 17,131.

THE INDIANA RACING ASSOCIATION *v.* ALLEN ET AL.

SUPREME COURT PRACTICE.—*Bill of Exceptions.*—*Motion for New Trial.* —No question can be considered upon a motion for a new trial where no bill of exceptions is in the record.

SAME.—*Form of Judgment or Decree.*—*No Motion to Modify.*—No question can be raised, on appeal, as to the form of a judgment or decree where no motion was made in the trial court to modify the same.

From the Lake Circuit Court.

*J. B. Peterson,* for appellant.

*T. J. Wood,* for appellees.

HACKNEY, J.—The appellee Allen obtained, in the lower court, a judgment and a decree foreclosing a mechanics' lien for $7,170.59 against the appellant and its property. The only assignments of error in this court are that the complaint was insufficient, and that the court erred in overruling the appellant's motion for a new trial. The first assignment is not argued, and is therefore waived. The second assignment seeks to present the various causes assigned for a new trial, all of which, save the first, depend entirely upon the evidence either as to its sufficiency or as to its admissibility. The record contains no bill of exceptions, and we are, therefore, without proof of the truth of such recitals in the motion, and no question can be considered upon them. *Clouser* v. *Ruckman, Admr.,* 104 Ind. 588; *Hyatt* v. *Clements,* 65 Ind. 12; *Vawter* v. *Gilliland,* 55 Ind. 278; *Hopkins* v. *Greensburg, etc., Turnpike Co.,* 46 Ind. 187; *Skillen* v. *Skillen, Jr.,* 41 Ind. 122; *Indianapolis, etc., Co.* v. *First Nat'l Bank, etc.,* 33 Ind. 302.

The first cause assigned for a new trial was "that the finding and judgment of the court is contrary to law."

The argument in support of this question is that the description of the property, as contained in the notice of lien, was defective, and authorized no decree foreclosing the lien. So far as this question may be said to relate to the description in the notice, we may say, as already said, that the evidence has not been presented to us, and we have no support for the truth of this proposition. So far as the argument may be intended to attack the form of the decree or the sufficiency of the description therein to cover the appellant's property we have the sufficient objection to considering the proposition in the failure of the appellant to move a modification of the decree either in adding to the description or in striking out that made. *Allen* v. *Berndt,* 133 Ind. 355; *Berkey, etc., Co.* v. *Hascall,* 123 Ind. 502; *Walter* v. *Walter,* 117 Ind. 247; *People's, etc., Assn.* v. *Spears,* 115 Ind. 297; *Barnes* v. *Conner,* 39 Ind. 294; *Rardin* v. *Walpole,* 38 Ind. 146; *O'Brien* v. *Peterman,* 34 Ind. 556.

No question is made as to the sufficiency of the personal judgment. Finding no error in the record, the judgment of the circuit court is affirmed with damages in the sum of four per centum of the gross amount of the judgment of the circuit court.

Filed Feb. 7, 1895.