## CONTRIBUTORY NEGLIGENCE BY LAD OF SIXTEEN.

Circuit Court of Cuyahoga County.

JOSEPH KOLAR, GUARDIAN OF EMIL KOLAR, v. THE ERIE RAILROAD COMPANY.

Decided, December 1, 1905.

*Negligence—Infants—Boy of Sixteen Guilty of Contributory Negligence in Striking a Torpedo.*

An intelligent boy of sixteen who has been employed in railroad shops for a period of six weeks, and who, in the course of his employment finds a torpedo upon the floor of an engine cab, which, through curiosity he struck with a coal pick, is, as a matter of law, guilty of contributory negligence.

*Hart, Canfield & Croke*, for plaintiff in error.
*Cushing & Clarke*, contra.

MARVIN, J. (orally) ; WINCH, J., and HENRY, J., concur.

The facts in this case are that on the 8th day of January, 1903, Emil Kolar, who was then about fifteen years and eight months old, was in the employ of the defendant at its round-

house in Cleveland. His duties were to do odd jobs of painting and glazing. He was called a painter's helper.

On the date aforesaid he was sent into the cab of an engine to do some repairing of windows. Upon entering the cab he noticed upon the floor three or four small round tin boxes about three-fourth inches in diameter and perhaps one-half inch in depth. He did not know what they were. He picked them up and looked at them, and then took up a coal pick which was in the tender of said engine and struck a hard blow on one of the boxes. It was in fact a torpedo, containing a powerful explosive, such as are carried in engines to place upon the track of the railroad to give some kind of notice to employees operating trains. This torpedo upon being struck by the pick exploded and greatly injured the plaintiff's ward, and suit was brought to recover for such injury. At the close of plaintiff's evidence, on motion, the court directed judgment for defendant.

The petition charged negligence on the part of the defendant, and avers want of knowledge of the dangerous character of the torpedo on the part of plaintiff. Without stopping to read from the petition, perhaps it is sufficient to state that a reading of the record in this case, whatever effect it may have as to establishing negligence on the part of defendant, can not fail to convince one that plaintiff was very negligent, and that his negligence contributed directly to his injury, unless by reason of his youth and inexperience he is to be relieved from the responsibility attaching to one of mature years. As already said, he was at the time of the injury about fifteen years and eight months old. He had been employed in the work of the company about six weeks. He put on the first coat of paint on box cars and on new strips of wood used in repairing such cars, painted smoke-stacks, pilots, etc., he attended to repairs of windows in engines, etc. He attended school until he was near fifteen years old; he worked for his father, a mason contractor, after he left school and in the absence of his father kept the time of his father's employees. The reading of his testimony shows that he was a boy of intelligence for one of his years. Certainly he is far from being a dullard. He did not know the character of this torpedo. Doubtless the great majority of in-

telligent men and women are equally ignorant about them.

The common law presumes a child over seven years of age. to be able to distinguish between right and wrong in criminal matters, but such presumption is disputable until he is fourteen years old.

The rule is well settled that a child of *tender* years is not to be held to the same rule of conduct as a person of *mature* years, but one would hardly speak of a boy nearly sixteen years old as of *tender* years. No definite age can be fixed which will in all cases mark the dividing line between *tender* years and *mature* years, but most of the cases which use the former term are speaking of those not more than twelve years old.

In the case of *Phillips* v. *Michael*, 39 N. E., 669, Appellate Court of Indiana, this language is used:

"At the age of fifteen years any child of ordinary intelligence must know that to place its hand upon a bar of iron heated to a great heat must burn, or to place its fingers between two heavy rollers, where the space is too small to admit them, must result in their being crushed. It does not require the consideration and judgment of twelve men to establish this fact. Every sensible human being knows it, hence it is declared by law to be true because inevitable. That which is inevitable is always true."

In *Nagle* v. *Railroad Co.*, 88 Pa. St., 35, the syllabus reads:

"An infant of the age of fourteen years is presumed to have sufficient capacity to be sensible of danger, and to have power to avoid it, and this presumption will stand until overthrown by clear proof of the absence of such discretion as is usual with infants of that age.

"When an infant's responsibility for negligence is presumed to commence is a question of the court and not of the jury."

In the case of *Reynolds* v. *N. Y. C. & H. R. R. R.*, 58 N. Y., 248, this language is used:

"In applying the rule that a person who be to recover for a personal injury, sustained by another's negligence, must show himself free from fault, the law discriminates between children and adults, the feeble and the strong, and only requires of each the exercise of that degree of care to be reasonably expected in view of his age and condition."

It was held in that case that the plaintiff's intestate was not shown to have exercised such care. He was an intelligent boy, thirteen years old.

In *Messenger* v. *Denver*, 141 Mass., 335, a boy eight years and nine months old was held, as matter of law, to have been guilty of contributory negligence.

See, also, *1st Thompson on Negligence*, p. 311, and cases cited.

In the case at bar we have a boy, an intelligent boy between the age of fifteen and sixteen years, nearer to sixteen, than fifteen. In the performance of his duties he says he was required to go into this cab. He there found these boxes, and, actuated by curiosity, he took this pick and struck a heavy blow on one box, and it exploded. We think as a matter of law, that this boy must be held to have been negligent; that a boy of that age should know and should be held to know that when out of idle curiosity he seizes a pick-axe and strikes upon a box such as he found there with which he knew he had no business, and doing what he knew he had no right to do, to be held to have contributed by his own negligence to his injuries, and the court was justified in directing a verdict for defendant.

The judgment is affirmed.