## GRAY a. KENDALL.

*New York Superior Court; General Term, December,* 1859.

PLEADING.—CREDITOR'S ACTION.—VERIFICATION.

In an action *in rem,* founded on the claims of plaintiff as a creditor—*e. g.,* an action to reach and distribute the assets of a limited partnership—the allegations of the complaint to show that the plaintiffs are creditors must be so definite and specific, as to inform the defendants when, in what manner, and by what contracts it is claimed that they became indebted to the plaintiffs.

The verification of a complaint, like that of an answer, should be united in by every party who unites in the pleading, and whose interest is several.

Appeal from an order requiring complaint to be amended.

The action was by Gray and others, on behalf of themselves and all other creditors, against the members of a limited partnership and their assignee under an assignment for the benefit of creditors, and it sought an accounting by the assignee, and an application of the assets, under direction of the court, to the claims of creditors.

The plaintiffs who appeared, and joined in the complaint, were several, not joint creditors. The only statement of their claims, as such creditors, which the complaint contained, was the following:

"That the plaintiff John A. C. Gray is a creditor of said firm of Ely, Bowen & McConnell, for the sum of fifty thousand dollars and upwards, on several promissory notes of said firm, made before the execution of said assignment.

"That the plaintiffs William C. Haggerty and Ogden Hag-

gerty are creditors of said Ely, Bowen & McConnell, in the sum of nineteen hundred dollars and upwards.

"That the plaintiff David Wagstaff is a creditor of said Ely, Bowen & McConnell, in the sum of nine thousand dollars and upwards, on several promissory notes of said Ely, Bowen & McConnell, made before the execution of said assignment."

The complaint was verified only by the plaintiff Gray, by an affidavit in the form usual in the case of a verification by one of several united in interest.

The defendants moved, at a special term, for an order requiring the complaint to be made more definite and certain in respect to the debts claimed by plaintiffs, and requiring that it be verified by each class of plaintiffs, or that the verification might be disregarded. The motion was granted, and an order made requiring, " that the complaint be made more specific, definite, and certain, by stating the nature and grounds of the alleged indebtedness of said Ely, Bowen & McConnell to the plaintiffs, severally ; when such indebtedness was contracted, for what it was created, the date and particulars of any notes or bills given on account thereof, or that copies of such notes or bills be set forth in an amended complaint, so that said amended complaint shall show specifically the several causes of action which constitute said plaintiffs, severally, creditors of said Ely, Bowen & McConnell in the amounts named in said complaint, or in any other amounts, and that said complaint, when so amended, be verified by each class of said plaintiffs, or that said verifications be set aside and disregarded by the defendants in their answer to said amended complaint ; defendants who make this motion to have twenty days to answer said amended complaint, after service of a copy thereof upon them."

The plaintiffs appealed to the general term.

*Buckham, Cady & Smales*, for the appellants.

*Geo. W. Parsons*, for the respondents.—I. Where defects in a complaint are not of such a substantial nature as to be available under the ground of demurrer, that it does not state facts sufficient to constitute a cause of action, the remedy is by motion, under section 160, to strike out or make the faulty pleading more definite and certain. Such proceedings have taken the

place of demurrers for want of form. (Prindle *a.* Caruthers, 15 *N. Y. R.*, 425.) 1. It is claimed that the Code requires not merely *true propositions* to be stated, but physical facts, capable as such of being established by evidence, oral or documentary, and leave it for the court to draw the conclusions of law. (Lawrence *a.* Mann, 14 *How. Pr. R.*, 164; White *a.* Brown, *Ib.*, 284; *Code*, § 142, subd. 2.) 2. Also that *every* fact which the plaintiff must prove to enable him to maintain his suit, and which the defendant has a right to controvert in his answer, must be distinctly stated. (Allen *a.* Patterson, 3 *Seld.*, 478; Eno *a.* Woodworth, 4 *Comst.*, 249; Page *a.* Boyd, 11 *How. Pr. R.*, 415; Howard *a.* Tiffany, 3 *Sandf.*, 690; Adams *a.* Holley, 11 *How. Pr. R.*, 326; Thomas *a.* Desmond, *Ib.*, 321.)

II. Judged of by the above rules, the complaint is clearly defective in not stating all the facts which constitute the several causes of action, which enable the plaintiff to maintain such an action against defendants. 1. It is not disputed that it is necessary that plaintiffs should severally be creditors, to have a standing in court in such an action. 2. How then can they escape the necessity of making proper averments of *facts* which will enable the *court* to conclude, as matter of *law*, that they are creditors? must they not, if disputed, prove *facts* which show them to be creditors? If so, then the rule established by the Court of Appeals, in the case of Allen *a.* Patterson (3 *Seld.*, 478), applies. They say, "Every fact which the plaintiff must prove to enable him to maintain his suit, and which the defendant has a right to controvert in his answer, must be distinctly avowed or stated." 3. If this be true as to one of the claims, it must be true as to all of them, and it is not sufficient, as plaintiff seemed to suppose on the argument at special term, to show one valid claim belonging to each plaintiff, constituting him a creditor. It is admitted that the ownership of any valid claim over $100, by the plaintiffs severally, would entitle them to bring this action, but having made claim to be creditors in certain specified amounts, they are bound to state facts which show them to be creditors in the amounts stated. 4. The question whether they are creditors or not is one upon which the defendants have a right to take issue, and it is impossible for them to do this without the averments required to be made by the order of the special term.

III. It was necessary that the complaint should be verified by, or on behalf of each class of plaintiffs. 1. The plaintiff who did verify the complaint, could not possibly know that the allegations in the complaint, touching the claims and rights of his co-plaintiffs, were true, and we have a right to purge the conscience of each plaintiff or class of plaintiffs. 2. If their complaint is to be treated as a verified complaint, the oaths of the plaintiffs, several in interest, should be upon the record. 3. It has been repeatedly held that where different parties to a promissory note are sued together under the statute, even if the parties have a common defence, and join in their answer, the pleading must be verified by all the parties. (Hull a. Ball, 14 How. Pr. R., 305; Andrews a. Storms, 5 Sandf., 609; Youngs a. Seeley, 12 How. Pr. R., 395.)

IV. The remedy by motion was the proper one, and the order of the special term should be affirmed with costs. (Prindle a. Caruthers, supra; Hull a. Ball, supra.)

By the Court.*—Bosworth, Ch. J.—This action cannot be maintained unless the plaintiffs were, or unless some one of them was, a creditor of the limited partnership of Ely, Bowen & McConnell at the time it was commenced.

The allegations employed to show that they were such creditors should be sufficiently definite and specific to inform the defendants when, in what manner, and by what contracts of said firm, it is claimed that they became indebted to the plaintiffs severally, and in what amount.

It is as important in a suit like the present, as in one brought to recover a judgment in personam, that these particulars should be stated, in order that the defendants may set up by answer that said alleged demands have been paid or settled, or if no such demands ever existed, that issues may be formed by the pleadings which will show what claims must be proved to establish the fact that the plaintiffs were severally creditors, when this action was commenced.

This will not subject the plaintiffs to any inconvenience which is not common to all plaintiffs who institute an action, and claim

---

* Present, Bosworth, Ch. J., Woodruff and Moncrief, JJ.

relief on the ground that the defendants, or some of them, are their debtors.

To allow the plaintiffs in the present case to state less than this in their complaint, will expose the defendants to the hazard of having notes made by them produced and offered in evidence at the trial, which the plaintiffs do not now own, or to which there may be a good defence, without its being in their power to establish these facts; and that solely because the complaint does not enable them to know what are the notes or causes of action which the plaintiffs intend to prove, to show that they are such creditors as the complaint alleges.

We know of no rule of pleading, nor of any precedent, which sanctions a complaint like the present, in respect to that portion of it to which the order appealed from relates.

In respect to so much of the order as relates to the verification of the amended complaint, it is sufficient to say that the same rule applies to that as to an answer.

When any pleading is verified, " it must be by the affidavit of the party, or if there be several parties united in interest and pleading together, by at least one of such parties acquainted with the facts, if such party be within the county where the attorney resides, and capable of making the affidavit." (*Code*, §§ 156, 157 [133, 134].) It is provided by statute that whenever, in any statute, any " party or person is described or referred to by words importing the singular number," several persons shall be deemed to be included. (2 *Rev. Stats.*, 2d ed., 778, § 11.)

When the Code requires the verification to be made by the affidavit of the party, it requires the affidavit to be made by every party who unites in such pleading whose interest is several. If this be not done, the adverse party should not be required to treat it as a pleading verified as the Code requires.

The rule has been applied to answers in which several persons not united in interest have joined. There is no reason why it should not be applied to a complaint in an action commenced by several persons as plaintiffs who are not united in interest. At all events, the Code does not discriminate between them, but, on the contrary, applies the same rule to both.

The order should be so modified as not to require any of the plaintiffs, whose demands consist in whole or in part of promissory notes made by the limited partnership, to do more in re-

spect thereto than to describe such notes accurately, or to set forth copies of them. In other respects, it should be affirmed. Order accordingly.

---

## BEACH a. THE BAY STATE COMPANY.

*Supreme Court, First District; General Term, Jan.,* 1860.

CONSTRUCTION OF PLEADINGS.—STATUTORY CAUSE OF ACTION.— ACT OR NEGLIGENCE IN ANOTHER STATE, CAUSING DEATH.

The provisions of the acts of 1847 and 1849 (*Laws of* 1847, 575; *Laws of* 1849, 388) —giving an action to the personal representatives of persons killed by the act or neglect of others—do not extend to the case of a death caused without this State.*

If place is material to be alleged, and the pleading is ambiguous as to the place, the presumption is against the pleader.

Appeal from order overruling demurrer to complaint.

This action was brought under the acts of 1847 and 1849, to recover damages resulting from the death of John C. Beach, caused by an explosion or escape of steam on board the defendants' steamboat, the Empire State, while on her passage from Fall River to the city of New York, the deceased being a passenger on board of said boat.

The complaint alleged that he was at the time a resident of the city of New York; that the defendant was a corporation of Massachusetts; that the deceased paid his fare and took passage at Fall River for New York; and that the explosion or escape of steam which caused the death, took place through the wrongful act, neglect, and default of the defendants and their agents and servants.

The defendants demurred to the complaint, substantially upon the ground that it is not alleged in the complaint, nor does it appear therefrom, that the act or acts complained of occurred within the State of New York.

---

* To the same effect is Vanderwerken a. N. Y. & New Haven R. R. Co. (6 *Ante,* 239). Compare Molony a. Dows (8 *Ante,* 316).