The Sand Creek Turnpike Company *et al. v.* Robbins *et al.*

*S. Stansifer,* for appellant.

*R. Hill* and *G. W. Richardson,* for appellee.

*Petition for a rehearing overruled.

------o------

## THE SAND CREEK TURNPIKE COMPANY ET AL. *v.* ROBBINS ET AL.

INJUNCTION.—*Verification of Complaint.*—*Restraining Order.*—No verification of a complaint for injunction is required, where no restraining order or temporary injunction is sought before final judgment.

TURNPIKE.—*Omitted Lands.*—*Correction by Appraisers.*—*Acts of* 1867, 1869.—*Proviso.*—Where in assessing lands for a turnpike road, there have been casual omissions of tracts of land, by the assessors appointed by the county commissioners, such omissions may be corrected, and such completed assessment may be answered by way of defence to the further prosecution of a suit to enjoin the collection of the assessment beause of such irregularity. Upon the discovery of any omission of lands liable to be asssessed, the county commissioners may, of their own motion, or at the instance of any one interested, reassemble the appraisers and require the proper correction to be made and direct the treasurer to add the same to the duplicate. The entire assessment is thereupon rendered valid. And the proviso in the repealing clause of the act of 1869, saving acquired rights under the act of 1867, authorizes a company which was under this act entitled to have an appraisement made, to avail itself of such amendment of the appraisement, after suit instituted against such company because of such omissions.

APPEAL from the Decatur Circuit Court.

WORDEN, J.—This was an action by the appellees against the appellants to enjoin the collection of certain gravel road assessments upon the property of the plaintiffs, all the land within the specified distance from the road not being listed and returned. The case has once before been in this court,

and it was decided that· the complaint was good, and that the court below had erred in sustaining a demurrer thereto. The case will be found reported in 34 Ind. 461.

The action was commenced on the 30th of October, 1869. On the 8th of December, 1868, the company applied to the board of commissioners for the appointment of assessors of benefits, etc., and such assessors were accordingly appointed, and they made their report to the auditor on the 16th of January, 1869. After the cause had gone back from this court, viz., at the May term, 1871, of the court below, the defendants moved to reject the complaint, because it was verified before a notary public, who was one of the plaintiffs' attorneys, and because it was not verified, as required by law, in this, that it was sworn to by one only of the plaintiffs. The motion was overruled, and the defendants excepted.

The defendants filed an answer, the second and third paragraphs of which set up new matter. Demurrers, for the want of sufficient facts were filed and sustained to the second and third paragraphs of the answer, and due exception taken. The general denial having been withdrawn, final judgment was rendered for the plaintiffs.

The questions arising upon the record relate to the ruling of the court in overruling the motion to set aside or reject the complaint on the ground stated, and to the ruling in sustaining the demurrers to the second and third paragraphs of the answer.

The complaint was sworn to by Robbins only, and not by the other plaintiffs who joined in the action. It is urged by counsel for the appellants that, inasmuch as the plaintiffs below were the several owners of the tracts of land in the complaint mentioned, on which several assessments had been made, although they might join in the action, yet the complaint should be verified by each of them. It seems to have been so held by the New York Superior Court. *Gray* v. *Kendall*, 5 Bosw. 666.

It is also urged that an oath administered to a party by his attorney in the cause in which the oath is administered,

is irregular, and that the proceeding should be set aside. This was so held by the Supreme Court of New York. *Gilmore* v. *Hempstead*, 4 How. Pr. 153. In the case last cited is a collection of English and New York authorities on the point.

We decide nothing upon either of these points, for the reason, that, in our opinion, the complaint, for the purpose of laying the foundation of a final judgment, was good without being verified at all.

The statute provides, that, "in all applications for an injunction, the complaint, or so much thereof as pertains to the acts or proceedings to be enjoined, shall be verified by affidavit. The injunction may be granted at the time of commencing the action, or at any time afterward, before judgment in that proceeding." 2 G. & H. 133, sec. 138. Taking this section of the statute in connection with the other provisions on the subject of injunctions, we think it clear that the verification is required only in cases where a restraining order or temporary injunction is sought before final judgment in the action, and that where the sole relief sought is to be had in the final judgment of the court, no verification is necessary. We see no good reason for requiring a verification where the remedy sought is the final judgment enjoining the act or acts complained of. If the defendant deny the facts, he puts the plaintiff upon the proof of them, before the court or jury, and such proof is not strengthened any by his previous verification of them. If the defendant admit the facts, expressly or by failing to controvert them, the admission is not strengthened by such verification.

But where an injunction is sought pending the action, the facts must be verified. Until the facts have been admitted, or found by the court or jury, they are not established; and until the facts are established or sworn to, an injunction should not be granted. But where the only relief sought is to be afforded by the final judgment of the court, inasmuch as such judgment cannot be rendered until the facts author-

izing it have been established, either by admission or trial, and finding or verdict, there is no more reason that the complaint should be sworn to, than there is that all complaints should be sworn to.

If the complaint is not duly verified, it is, doubtless, good ground for refusing a restraining order or temporary injunction pending the action, and perhaps ground for setting it aside where it has been unadvisedly granted; but it is no ground for rejecting or setting aside a complaint which asks an injunction as the final relief prayed for. There was, therefore, no error in the ruling in this respect.

The second paragraph of the answer alleged matter by way of estoppel, similar to that pleaded in the case of *Hopkins* v. *The Greensburg, etc., Turnpike Co.*, 40 Ind. 44. No good purpose would be subserved by setting out the matter at large which is thus pleaded, as, in accordance with the case above cited, it does not constitute a valid estoppel. The demurrer to this paragraph was correctly sustained.

The third paragraph of the answer presents quite a different question. It is pleaded in bar of the action, except as to the costs which had then accrued therein; which means, we think, in bar of the further prosecution of the action. It alleges that the original assessment was made by the assessors as officers appointed by the board of commissioners, and not as agents or employees of the company, and that the company in no way connived at, consented to, or procured such assessors to omit to list, view, or assess any lands within the prescribed limits; that on the 9th of March, 1871, the board of commissioners, of its own motion, ordered the original assessors to proceed, on the 21st of March, 1871, to view, list, and assess all lands, if any, omitted in their former assessment report; that the assessors proceeded, on the day named, to view, list, etc., and on the 13th day of April, 1871, they made their report to the auditor. Copies of the order of the board to the assessors, and of the report of the assessors, are set out. The amended assessment thus made

The Sand Creek Turnpike Company *et al. v.* Robbins *et al.*

purports to embrace all the lands within the prescribed limits not included in the former list and assessment. The board of commissioners ordered that the auditor make such additions to the tax duplicate as the report might render necessary. It is averred that the auditor has placed the corrected assessment on the duplicate, and that the parties so assessed by the amended assessment have paid or agreed to pay the amounts assessed to them; that by the subsequent assessment the omitted lands mentioned in the complaint were included, and thereby said assessment was so corrected and amended as to include a list of the lands within the prescribed limits, and that the assessors viewed all of such lands, and assessed the benefits, etc.

From this paragraph of the answer it sufficiently appears that, by the original assessment and the amendatory or supplemental one, all the lands within the prescribed limits have been listed and assessed. In determining the validity of the paragraph, several questions arise. One is, whether an amendment can be made at all. We are of opinion that it can. We see no good reason why it should not be done. Otherwise, the law would be, in a great measure, impracticable. If an amendment cannot be made, the casual omission in the list of some of the land within the prescribed distance from the road, would render it necessary to again go through the whole form of listing, viewing, and assessing the entire lands. This would be imposing an unnecessary burthen. If it is discovered that lands have been omitted in the list returned, we think the board of commissioners may, of their own motion, or at the instance of any one interested, re-assemble the assessors, and require the proper correction to be made, and that it may be made accordingly, as was done in this case.

When the amendment is thus made, so that all the lands liable to be listed and assessed are included, does the entire assessment become valid? We are of opinion that it does. Indeed, this conclusion is involved in the proposition that an amendment can be made. The lands, under the act of 1867

(Acts, 1867, p. 167), as well as under the act of 1869 (3 Ind. Stat. 538), are to be assessed for the full amount of benefit which they will receive from the construction of the road, without regard to the cost of the construction; but no more is to be collected than is necessary for the construction of the road and the payment of legitimate expenses. Thus the omission of some of the lands can make no difference whatever in the amount to be assessed upon the others. We must assume that the lands of the plaintiffs were assessed for the same amount precisely, as if all the lands had been originally listed and assessed. But as no more is to be collected on the assessment than is necessary for the construction of the road, etc., the plaintiffs are interested in having all the lands which are liable duly listed and assessed, because, if some are omitted, the percentage to be collected on those that are listed and assessed may be greater than if all the lands were included. This, we apprehend, is the substantial reason why the omission of some of the lands liable should be held to invalidate the assessment upon the others. But as the lands originally assessed are assessed for the same amount as if all the lands had been listed and assessed, and as the amendment of the assessment brings in the omitted lands, and subjects them to the burthen equally with those that were assessed originally, it results that the land owners occupy the same position as if all the lands liable had been included in the original list and assessment returned. The amendment being made, the entire assessment becomes as complete and perfect as if all the lands had been included in the original proceeding.

Can the amendment be made pending an action to enjoin the collection of assessments on the ground that part of the lands liable to the assessment had been omitted, so as to make such amendment available to defeat the further prosecution of such action? We are of opinion that this also may be done. We see no reason why such amendment may not be made as well pending such action as at any other time; and when made, if in time to make it available for

The Sand Creek Turnpike Company *et al. v.* Robbins *et al.*

that purpose, we think it may be pleaded in bar of the further prosecution of such action. At the time this action was instituted some of the lands liable to assessment had been omitted, and this furnished good ground for the action. But at the time the answer was filed the lands had all been included, and the ground of the complaint completely removed. On the plainest principles of law, the amendment afforded a valid bar to the further prosecution of the action. It could not be pleaded in bar of the entire action, because up to the time when the amendment was made the plaintiffs had a good cause of action, though they ceased to have such cause when the amendment was made. But the defendants pleaded the matter only in bar of the further prosecution of the action; in other words, they pleaded it in bar of the action except as to the costs which had then accrued. This is equivalent to saying to the plaintiffs, "you had a good cause of action when you commenced this suit, and you are entitled to your costs herein, but you are not entitled to prosecute the action any further, for the reason that all the ground of your complaint has been removed."

This case differs from that of *Hardwick* v. *The Danville, etc., Gravel Road Co.*, 33 Ind. 321, where the amendment of the assessment seems to have been pleaded in bar of the entire action, and not of the further prosecution thereof.

But it is insisted by the appellees that inasmuch as the amendment of the assessment was made after the repeal of the act of 1867 by that of 1869, the proceeding was without authority and void. The section of the act of 1869 repealing the act of 1867 contains this proviso: "Provided, however, that all rights acquired, and all acts performed in pursuance of the provisions of the above mentioned act, are saved from the effect of this repealing clause, and all companies which have commenced proceedings under said act, may proceed according to the provisions of this act."

By the act of 1867, a company having a subscription of eight hundred dollars per mile of the proposed road was authorized to make an assessment upon lands, as therein

provided for, while under the act of 1869 a subscription of at least three-fifths of the estimated cost of the construction of the road is made necessary before such assessment can be made.    We have seen, however, that by the proviso above quoted, all rights acquired, and all acts performed, under the repealed act, are saved from the effect of the repeal, and that companies which had commenced proceedings under the repealed act are authorized to proceed according to the provisions of the act of 1869.

We are of opinion that when the corporation, the appellant herein, became duly organized, and obtained a subscription of the eight hundred dollars per mile of the proposed road, and applied to the board of commissioners for the appointment of assessors of benefits, and when such assessors were appointed, the company had acquired the right to have a full and complete list and assessment returned by such assessors, and to have the assessment put upon the duplicate and collected in the manner specified.    All these things had been done before the repeal of the act of 1867, except the making and return of a full and complete list and assessment. This, we think, under the proviso quoted, might be done after the repeal of the act of 1867, inasmuch as the company acquired the right before that time to have it done, and was authorized to proceed under the act of 1869.    Suppose, to illustrate, that previous to the repeal of the act of 1867, all the previous steps had been duly taken, assessors appointed, the land all duly listed, viewed, and assessed, the return made out and signed, but before the return was actually made to the auditor, the law was repealed, with the proviso quoted. It would seem to be clear that in such case the return could be made, and the assessment put upon the duplicate, and the necessary amount thereof collected.    There is no material difference between the case supposed and that under consideration.    The corporation had the right to have the assessment properly made on the state of facts that entitled her to it at the time the assessors were appointed to make it.    She then had the necessary subscription, and could not, under

the proviso, be required to have it increased to meet the requirements of the act of 1869.

We are of opinion, for the foregoing reasons, that the court erred in sustaining the demurrer to the third paragraph of the answer.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

*W. Cumback*, *S. A. Bonner*, *J. Gavin*, and *J. D. Miller*, for appellants.

*C. Ewing*, *J. K. Ewing*, *J. S. Scobey*, and *O. B. Scobey*, for appellees.