Barnhill *v.* The Mill Spring and Williams Creek Gravel Road Co. *et al.*

----

BARNHILL *v.* THE MILL SPRING AND WILLIAMS CREEK GRAVEL ROAD CO. ET AL.

TURNPIKE.—*Amended List and Assessment.*—*Injunction.*—When, in listing and assessing lands for the construction of a turnpike, lands within the prescribed limits have been omitted, they may be embraced by the assessors in an amended list and assessment, which may be set up in answer to a complaint to enjoin the collection because of such omissions.

SAME.—*County Commissioners.*—*Jurisdictional Facts.*—The organization of a turnpike corporation, including the sufficiency of its articles of association, the estimate of the cost of construction, and the fact that the company has the requisite amount of stock to entitle it to have an assessment of benefits made, must be passed upon by the county commissioners, before they can order an assessment, and cannot be questioned in an action to enjoin the collection of the assessment.

SAME.—*Articles of Association.*—*Location of Road.*—It is not necessary that

the exact location of a turnpike appear in its articles of association; the directors may fix the exact route within the general description given in said articles.

SAME.—*Completion of Road.*—The fact that a turnpike has been completed is not a reason why assessments on lands for its construction should not be collected, if the road be not paid for.

PRACTICE.—*Special Finding.—Correction of.*—Where, at the request of a party, the court has stated the facts in writing and the conclusions of law thereon, and it is claimed that the special finding is not sufficiently specific and complete, if it be the proper practice to move that the court make it more full and complete, the supposed omissions should be pointed out to the court.

From the Marion Civil Circuit Court.

*B. K. Elliott, A. C. Ayres, T. J. Kane* and *A. F. Shirts*, for appellant.

*L. Barbour* and *Ritter, Walker & Ritter*, for appellees.

DOWNEY, J.—This was an action by the appellant against the appellees, to enjoin the collection of an assessment made against the lands of the appellant for the construction of the road of the appellee. Several reasons are stated in the complaint why the collection of the assessment should be enjoined. An answer was filed by the defendants, consisting of three paragraphs, the first of which is a general denial. A demurrer was filed by the plaintiff to the second and third paragraphs. The demurrer was overruled as to the second and sustained to the third. Reply by a general denial and a special paragraph. The issues were, by agreement, tried by the court, and, by request, there was a special finding of the facts and a statement of conclusions of law. Motion to have the special finding made more full and complete, etc.

Exceptions were taken to the conclusions of law, a motion for a new trial was made by the plaintiff, which was overruled, and there was final judgment for the defendants.

It is assigned as error:

1. That the court erred in overruling the demurrer to the second paragraph of the answer.

2. In overruling appellant's motion for a more specific finding.

3. In the finding and statement of facts and in the conclusions of law thereon.

4. In overruling the motion for a new trial.

5. In rendering judgment for the appellees on the facts found, because on the facts found the appellant was entitled to judgment.

There were some rather unimportant omissions of land within the taxing limits in the first listing and assessment made. This was one ground relied on for the injunction. These omitted tracts, or pieces of land, were afterwards, by the same assessors, embraced in a second or amended list and assessment, and this amended list and assessment was set up in the second paragraph of the answer. According to the ruling of this court in *Sand Creek Turnpike Co.* v. *Robbins*, 41 Ind. 79, followed by *Hopkins* v. *The Greensburg, etc., Co.*, 46 Ind. 187, the list and assessment may be thus corrected.

The question referred to in the second assignment of errors is not presented in such a way as to enable us to decide anything with reference to it. It was moved that the special finding be made more specific and full, and that there be made a more full and complete statement of conclusions of law, because the finding did not cover and embrace all the material facts, and because it did not cover all the issues, and was not full and complete. The practice in other matters is, that when it is claimed that the court trying a cause has failed to do something requested by a party in the manner in which it should have been done, and the court is asked to correct its action, the particular omission should be pointed out, so as to enable the court to supply or correct it. In this case, the court had been requested to find the facts and then state the conclusions of law, and the court had attempted to do so. It was claimed, however, that the finding, etc., was not full and complete enough, and the court was asked to correct the same. It seems to us that the request should have been accompanied with an indication or statement of the alleged defects.

If, then, it is a proper practice to present the question by a motion that the court make the special finding more full and complete, we think the alleged omissions should be pointed out to the court. This was not done.

We think there was no error in the conclusions of law of the court, nor in the refusal to grant a new trial. The organization of the corporation, including the sufficiency of its articles of association, the estimate of the cost of the construction of the road, and the fact that the company had the requisite amount of stock to entitle it to have an assessment of benefits made, are questions which must be passed upon by the commissioners before they could order the assessment; and these facts having been found to exist by them, they can not now and in this way be controverted. *Evans* v. *The Clermont, etc., Gravel Road Co., ante,* p. 160.

It is urged that the articles of association do not definitely and sufficiently describe the location of the road, so as to enable the assessors to know what lands fall within the legal distance from the road. The exact location of the road is, or may be, made by the directors, and need not necessarily appear in the articles of association. 1 G. & H. 475, sec. 4. The power to locate the road must be held to confer upon the board of directors the right to fix the exact route or line of the road within the general description given of it in the articles of association.

The fact, if true, that the road had been completed, unless paid for, was no reason why the assessments should not be collected. This was so decided in *Hopkins* v. *The Greensburg, etc., Co.,* 46 Ind. 187.

We find no substantial error in this record.

The judgment is affirmed, with costs.