Fleener *et al. v.* Claman, Treasurer.

No. 12,990.

FLEENER ET AL. *v.* CLAMAN, TREASURER.

INJUNCTION.—*Free Gravel Road.*—*Insufficient Petition.*—*Void Proceedings.*— *Collection of Tax.*—A complaint to restrain the collection of a tax, levied for the construction of a free gravel road, which alleges that, on appeal by certain land-owners from the order of the board of commissioners levying the tax, the circuit court adjudged that the petition for the tax was not signed by a majority of the land-owners within two miles of the proposed road, and that the proceedings of the board thereon were void, is good.

SAME.—*Estoppel.*—*Facts Constituting Must be Pleaded.*—If facts constituting an estoppel exist they must be pleaded.

From the Monroe Circuit Court.

*J. R. East, W. H. East, R. A. Fulk, E. Corr* and *M. M. Dunlap,* for appellants.

*W. P. Rogers, J. E. Henley* and *J. H. Louden,* for appellee.

ELLIOTT, J.—The appellants, by their complaint, seek to restrain the collection of a tax levied for the construction of a free gravel road. The complaint, among other things, alleges that, within thirty days from the time the board of commissioners rendered a judgment levying the tax, two of the property-owners, Weimer and Fleming, appealed to the circuit court, and that the circuit court adjudged that the petition for the tax was not signed by a majority of the land-owners within two miles of the proposed road, and set aside, annulled and declared void the order of the board of commissioners, and all proceedings subsequent thereto, as to said Weimer and Fleming.

This allegation makes the complaint good. If the order of the board was declared void, no rights could be founded on it. If it never had any validity, as the complaint avers and the demurrer admits, all subsequent proceedings must go down with the fall of the order which alone could give them validity. The averment of the complaint shows that the

·order was void for want of jurisdiction, and not merely erroneous because of an irregularity. We can not conceive how a board of commissioners can rightfully proceed upon a void order.

It is to be observed that the judgment of the circuit court does not vacate the proceedings because of an error affecting only the parties appealing, but that it annuls the order of the board for the reason that there was not such a petition as the law requires. That judgment, therefore, goes to the very foundation of the proceedings. The case is not, for this reason, within section 5102 of the Revised Statutes.

If facts constituting an estoppel exist they must be pleaded. *Peters* v. *Griffee,* 108 Ind. 121. No such facts appear in the ·complaint.

Judgment reversed.

