Filed Jan. 14, 1890.

———◆———

No. 13,877.

## HIGHT ET AL. *v.* CLAMAN, TREASURER, ET AL.

GRAVEL ROADS.— *County Commissioners.— Appeal.—Statute Authorizing.—* The statute authorizing appeals from the decisions of boards of commissioners is applicable to and authorizes an appeal in proceedings under the act of 1877, relating to free turnpikes.

SAME.—*Proceedings.—Appeal.—Effect as to Others.*—An appeal does not sus-

pend or supersede the proceedings, except so far as they relate to the persons who appeal. The appeal of one or more of those interested simply suspends the proceedings in respect to those who appeal, while as to all others the judgment from which no appeal is taken remains unaffected.

From the Monroe Circuit Court.

*E. Corr, M. M. Dunlap* and *R. A. Fulk,* for appellants.
*J. H. Louden* and *W. P. Rogers,* for appellees.

MITCHELL, C. J.—Wallace and Emily Hight instituted this proceeding to enjoin the defendant, Claman, as treasurer of Monroe county from collecting certain assessments theretofore levied upon the lands of the plaintiffs, in order to defray the expense of constructing a free turnpike.

The only question presented is whether or not an appeal taken by one land-owner deprived the board of commissioners of jurisdiction to proceed with the construction of the road, and rendered its proceedings pending the appeal void, not only as respects those who appealed, but as to all others concerned.

The proceedings were instituted under the act of 1877, which remains in force notwithstanding the later act of April 8th, 1885, which relates to the same subject. *Robinson* v. *Rippey,* 111 Ind. 112; *Board, etc.,* v. *Fullen,* 111 Ind. 410.

It is settled as a general proposition that where an appeal lies from an inferior to a superior tribunal, a perfected appeal suspends all further proceedings, where the matter appealed is to be tried *de novo* on the original papers. *Platter* v. *Board, etc.,* 103 Ind. 360 (375); *Meehan* v. *Wiles,* 93 Ind. 52.

It has been held that the statute authorizing appeals from the decisions of boards of commissioners was applicable to and authorized an appeal in proceedings under the act of 1877, relating to free turnpike roads. *Fleming* v. *Hight,* 95 Ind. 78; *Fleming* v. *Hight,* 101 Ind. 466.

An appeal, however, under the act in question does not suspend or supersede the proceedings except so far as they relate to the persons who appeal. This is plainly apparent

from section 5102, R. S. 1881, which provides, in substance, that no person shall be permitted to take any advantage of any error or defect in the proceeding unless he is affected thereby, and which declares that the circuit court in which any action may be brought to enjoin, reverse or declare void the proceedings by which a free turnpike road shall have been laid out, improved or constructed, may, if there be manifest error in the proceedings affecting the rights of the plaintiff, set the same aside as to him, without affecting the rights or liabilities of other parties in interest, etc.

The whole tenor and purpose of the above section is to prevent one person, in respect to whom the proceeding may be defective, from interrupting the progress of a work in which a whole community may be interested. The appeal of one or more of those interested simply suspends the proceedings in respect to those who appeal, while as to all the others the judgment from which no appeal is taken remains unaffected.

It does not appear that there was any error in the proceedings before the board of commissioners which in any way affected the rights of the plaintiffs in this action, and simply because some other person appealed, and had the assessment vacated as to him, this in no wise suspended or superseded the assessments made against those who did not appeal. The distinction between the present case and *Fleener* v. *Claman*, 112 Ind. 288, lies in the fact that in the case cited it had been adjudged on an appeal taken by two persons interested, that the petition had not been signed by the required number of land-owners, and that the whole proceeding was therefore void because the board acquired no jurisdiction, while in the present case it merely appears that an appeal had been taken by two of the land-owners. It does not appear that the question involved in the appeal, or that the judgment subsequently rendered, affected any other persons than

those who took the appeal. This case falls, therefore, directly within the provisions of section 5102, above referred to.

The judgment is affirmed, with costs.

Filed Jan. 14, 1890.