Fulton *et al. v.* Cummings *et al.*

No. 15,803.

FULTON ET AL. *v.* CUMMINGS ET AL.

132  453
137  394
138  665
132  453
152  486

GRAVEL ROAD.—*Proceedings to Construct, Before County Commissioners.—Appeal to Circuit Court.—Special Verdict.*—Where, in a proceeding for the construction of a free gravel road, an appeal is taken to the circuit court, the special verdict need not find who own a majority of the acres which are benefited, neither need it find that all the land-owners in the county whose lands are benefited have signed the petition without regard to the fact that they have not been included in the report of the viewers. The verdict is sufficient if it discloses the fact that the names and acres named therein constitute a majority of the names and acres reported by the viewers as benefited. See section 5095, R. S. 1881. The only mode by which the commissioners can determine its jurisdiction to make the order for the improvement is by comparing the names and acres found in the report of the viewers with the names found on the petition.

SAME.—*Trial de Novo.*—Upon appeal from the finding of the board of county commissioners the cause is tried *de novo*, but no question can be tried on appeal that was not presented to the board of commissioners before the appeal was taken.

SAME.—*Special Verdict.—Description of Lands.*—Where the lands of the appellants are sufficiently described in the special verdict, they can not complain that other descriptions are vague and uncertain.

SAME.—*Evidence.—Report of Viewers.*—Upon appeal it was proper to allow the report of the viewers made to the board of commissioners with a plat of the lands reported benefited attached as an exhibit to be read to the jury, the court instructing the jury that the contents of these papers was not evidence of the facts therein contained. Without this report before them the jury could not intelligently apply the evidence adduced to the jurisdictional facts of the case.

SAME—.*Report of Viewers.—Binding Upon Parties.*—It was not error to refuse to permit the appellant to prove that land outside the territory fixed by the viewers would be benefited by the proposed improvements Unless the report of the viewers is attacked before the board of commissioners upon the ground that it does not contain all the land benefited, the parties interested are bound by the report of the viewers as to the limit of the territory to be assessed.

SAME.—*Incompetency of Jury.—Relationship.*—One of the jurors answered upon his examination that he was not related to a family residing in the vicinity of the proposed improvement. He was in fact a full cousin of the wife of one of the members of said family whose lands were assessed for the improvement, but the husband was neither a petitioner nor a remonstrant, nor was he party to the appeal to the circuit court.

*Held,* that as he was not in the circuit court no judgment could be rendered affecting his rights, and this being so, that the juror was not disqualified to serve because of the relationship to his wife.

SAME.—*Appeal to Circuit Court.*—*Cause Certified Back to Commissioners.*—*Reappointment of Old Viewers*—Where an order was made by the board of county commissioners for the construction of a free gravel road, and upon appeal to the circuit court the order was set aside as to one of the parties alone upon the ground that he had not received proper notice, and the cause was certified back to the board for further proceedings, it was not error for the board to reappoint the old viewers, it not being claimed that they were guilty of any partiality in the discharge of their duties.

SAME.—*Report of Viewers.*—*Correction of.*—*New Notice.*—If the report as originally filed by the viewers was defective, it was proper for the board to refer it back to them for correction, they not having been discharged. A new notice was not necessary.

SAME.—*Inequalities in Proceedings Before Commissioners.*—*When May be Disregarded.*—Unless the inequalities in the proceedings before the board of county commissioners in a proceeding to construct a free gravel road are of a character which affect the substantial rights of the parties, they should be wholly disregarded.

From the Huntington Circuit Court.

*J. B. Kenner, O. W. Whitelock, L. P. Milligan, S. E. Cook* and *Z. T. Duncan,* for appellants.

*M. L. Spencer, J. C. Branyan, W. A. Branyan* and *W. H. Trammel,* for appellees.

COFFEY, J.—This was a petition filed with the board of commissioners of Huntington county, praying for the construction of a free gravel road. Such proceedings were had before the board as resulted in an order for the improvement prayed. From this order the appellants here appealed to the Huntington Circuit Court, where the cause was tried by a jury, resulting in a special verdict, upon which the court rendered judgment for the appellees. The material facts appearing by the special verdict are, that the petition was filed with the board of commissioners of Huntington county on the 4th day of June, 1885. Upon filing the petition and the bond required by the statute, the board appointed three disinterested freeholders of the county, and a

competent engineer, to view the road, and directed them to proceed, on the 17th day of July thereafter, to view the road and perform the other duties imposed upon them by law. The county auditor gave the statutory notice of the time and place of meeting. After qualifying, the viewers proceeded, on the day named, to perform the duties assigned them, and subsequently filed their report with the board, at its ensuing September term. The report, not being satisfactory, was referred back to the viewers for correction, and the matter was continued until the December term of the board. At the December term the report, as corrected, was refiled with the board, whereupon, by agreement between the petitioners and remonstrators, the petition was referred to James M. Hatfield to ascertain whether the petition was signed by the requisite number of land-owners to give the board jurisdiction, and the cause was continued until the 15th day of December. On that day Hatfield filed his report, which was accepted by the board, but no further action was taken thereon until the 1st day of June, 1886, when the board of commissioners entered a finding that the petition had been signed by the requisite number of land-owners whose lands would be benefited by the proposed improvement, and at the September term following entered an order for the improvement.

At the same term the board appointed three disinterested freeholders viewers to assess and apportion the estimated cost of the improvement, and directed them to meet on the 25th day of October thereafter for that purpose. This committee entered upon the performance of its duties at the time designated, and filed its report with the county auditor, who gave the statutory notice of the time when the same would be heard and examined by the board of commissioners. The board met at the time designated, and upon exceptions filed the matter was referred to a new committee, who likewise filed their report which, after a new notice by the auditor, was accepted and confirmed.

The special verdict expressly finds that the petition, at the time the board of commissioners made the order for the improvement, was signed by the necessary number of land-owners reported to be benefited by the proposed improvement, to authorize such order.

It is earnestly insisted by the appellants that the circuit court erred in overruling their motion for a *venire de novo.*

It is insisted that the special verdict, which purports to find the land-owners who are benefited, and ought to be assessed for the improvement, does not show who own a majority of the acres which are benefited, and does not find the fact, and does not find that the names and·acres set out in the finding are all the lands and owners of the county benefited and ought to be assessed in the territory benefited by the improvement.

The special finding does disclose the fact that the names and acres named therein constitute a majority of the names and acres reported by the viewers as benefited, but the appellants contend that this is not sufficient.

Section 5095, R. S. 1881, provides that, " Upon the return of the report mentioned in the last section, the commissioners shall, if in their opinion public utility requires it, enter upon the record an order that the improvement be made. * * But such order shall not be made until a majority of the resident land-holders of the county whose lands are reported as benefited and ought to be assessed, and also the owners of a majority of the whole number of acres of all lands that are reported as benefited and ought to be assessed, shall have subscribed the petition mentioned in the second section of this act (section 5092)."

Under the provisions of this act the only mode by which the board of commissioners can determine its jurisdiction to make the order for the improvement is by comparing the names and acres found in the report of the viewers with the names found on the petition. If it be true, as contended by the appellants, that upon appeal to the circuit court it must

be shown that all the land-owners in the county whose lands are benefited have signed the petition without regard to the fact that they have not been included in the report of the viewers, then the board would never know whether it had jurisdiction or not, and would make the order in each case subject to the right of another court to declare it had no power to make it, though the parties interested had complied with every requirement of the statute. We do not think the statute should receive any such construction.

We do not hold that the parties interested may not, upon the return of the report of the viewers, attack it before the board, by proper pleading, upon the ground that it does not include all the land benefited, and procure new viewers and a new report; but no such question is presented here, for nothing of the kind was attempted. Unless some such action is taken, we think the parties interested are bound by the report of the viewers as to the limit of the territory to be assessed. It is true that upon appeal the cause is tried *de novo*, but the case thus tried is the case that was pending before the board of commissioners, and not a new case. It is well settled that no question can be tried on appeal that was not presented to the board of commissioners before the appeal was taken. *Wilkinson* v. *Lemasters*, 122 Ind. 82.

In our opinion the special verdict is not defective in the matter suggested.

It is also contended that some of the descriptions of land to be assessed, contained in the special verdict, are so vague and uncertain as to render such descriptions void.

We have carefully examined the descriptions of the lands belonging to the appellants, and do not think such descriptions are subject to the objections urged against them. They can not be heard to complain of other descriptions. *Hopkins* v. *Greensburgh, etc., T. P. Co.*, 46 Ind. 187.

The special verdict expressly finds that the improvements asked will be of public utility. The court did not err, in

our opinion, in overruling the motion of the appellants for a *venire de novo.*

It is next insisted by the appellants that the court erred in overruling their motion for a new trial.

During the progress of the trial the appellees were permitted by the court to read to the jury the report of the viewers made to the board of commissioners, with a plat of the lands reported benefited attached as an exhibit. It is contended that this action of the court was erroneous.

The court instructed the jury that the contents of these papers were not evidence of the facts therein contained. This report, with the exhibit attached to it, was one of the papers in the cause, and fixed, as we have seen, the limit of the territory to be assessed for the construction of the road. Without this report before them, the jury could not intelligently apply the evidence addressed to the jurisdictional facts in the case. Being a paper in the cause, which, in a sense, defined the issues between the parties, it was not error to read the same to the jury, under the limitations fixed by the court. *Bennett* v. *Meehan,* 83 Ind. 566 ; *Metty* v. *Marsh,* 124 Ind. 18 ; *Indianapolis, etc., R. W. Co.* v. *Bush,* 101 Ind. 582.

For the reasons already given, the court did not err in refusing to permit the appellants to prove, on the trial of the cause, that land, outside the territory fixed by the viewers, would be benefited by the proposed improvement.

One Ulrich Lahr, a bystander, was called and served as a juror in the trial of the cause. Upon his examination he answered that he was not related to the Lahr family residing in the vicinity of the proposed improvement. After the usual questions, he was accepted and sworn as a juror. He is, in fact, a full cousin to Mary Strouder, the wife of John Strouder, one of the persons whose lands are assessed for the improvement. Mrs. Strouder's name before her marriage was Mary Lahr. John Strouder, Mary Strouder and others filed their affidavits showing the above facts.

While the lands of John Strouder were assessed for the

improvement of the road in question he was neither a peti-
tioner nor a remonstrant, nor was he a party to the appeal
to the circuit court. He seems to have been content with
the assessment made against him by the board of commis-
sioners.

The appeal to the circuit court did not vacate the order
for the improvemement as to him, nor did it vacate his as-
sessment. He was not in the circuit court, and it had no
jurisdiction over him. *Hight* v. *Claman,* 121 Ind. 447 ; *Stipp*
v. *Claman,* 123 Ind. 532.

As he was not in the circuit court, no judgment could be
rendered affecting his rights, and this being so, we can see
no reason for setting aside the verdict because one of the
jurors was related to his wife.

The evidence in the cause is conflicting. Added to this is
much confusion, growing out of the efforts of some who
signed the petition to withdraw their names, and the efforts
of others who had withdrawn their names from the petition
to have them reinstated. We can not undertake to weigh
this conflicting evidence and untangle the confusion found
in the record. The evidence tends to support the verdict of
the jury.

It is contended, however, that the circuit court erred in
overruling the motion of the appellants to set aside the re-
port of the viewers and vacate all the proceedings of the
board of commissioners subsequent to such report, and to re-
mand this cause back to the board for further proceedings.

Prior to the order from which this appeal is prosecuted
the board of commissioners entered an order for the im-
provement in controversy.

Upon appeal to the circuit court that order was set aside
as to Andrew Fulton alone, upon the ground that he had
not received proper notice. After the cause was certified
back to the board for further proceedings, the original peti-
tion seems to have been refiled, but there is a dispute be-
tween counsel as to whether this is to be regarded as an

abandonment of the old proceedings and the beginning of a new one, or as to whether it is to be regarded as a continuation of the case. However this may be, it is certain that the first order made for the improvement has not been vacated, and is still in force. It would have been a proper proceeding when the cause was returned from the circuit court to have reappointed the viewers with directions to proceed against Andrew Fulton, and had this been done it would, perhaps, have saved some complication of the record. Upon refiling the petition the petitioners asked that the viewers who had formerly acted be reappointed. This the appellants resisted upon the ground that they were not disinterested, having by their former report formed and expressed an opinion, but their objections were overruled, and the old viewers were reappointed.

We perceive no substantial error in this action of the board of commissioners. It is not claimed that the viewers had any partiality in favor of any party to be affected by their action, or that they had any prejudice against any one so affected. By reason of their familiarity with the road, and the land composing the territory to be assessed, they were, perhaps, better qualified to do the work than any one else. It is not claimed that they were guilty of any partiality in the discharge of their duties.

After performing their duties the viewers filed their report as required by law. Objections being made to the report, it was referred back to them for correction. After its correction it was refiled and accepted, and acted upon by the board without any further notice. It is contended by the appellants that a new notice should have been given.

If the report as originally filed by the viewers was defective, it was proper for the board to refer it back to them for correction, as they had not been discharged. *Barnhill v. Mill Spring, etc., G. R. Co.*, 51 Ind. 354.

A new notice was not necessary. The report was not referred back to the viewers to review the road and the land

to be assessed, but to obtain a correct report of what they did while acting under the notice which had been given. The corrected report filed by them, and upon which the board acted, is presumed to be a correct showing of their action at the time and place named in the notice of their appointment and meeting.

In our opinion the court did not err in overruling the motion of the appellants to set aside the report of the viewers. There are no doubt irregularities in the proceedings of the board of commissioners in the case before us, but such irregularities are to be expected in a tribunal composed of men who have not made the law a special study. Unless they are of a character which affects the substantial rights of the parties, they should be wholly disregarded. We have carefully examined all the questions presented for our decision by the record before us, and find no error which would warrant us in reversing the judgment of the circuit court.

Judgment affirmed.

Filed April 7, 1892; petition for a rehearing overruled Oct. 15, 1892.