Cynthia A. HEDGE, Appellant–Plaintiff,

v.

SUSI SPA, Calumet National Bank, personally and as Trustee, Pritz Construction, Inc., Wallace S. Pritz, Lorraine Pritz, Bruce Pritz, Evergreen Real Estate, Chun Sae Atkins, Chong Conley, Appellees–Defendants.

No. 46A03–9710–CV–358.

Court of Appeals of Indiana.

Feb. 16, 1999.

Jeffrey A. Modisett, Attorney General of Indiana, Carol Nemeth, Jon B. Laramore, Deputy Attorneys General, Indianapolis, Indiana, Attorneys for Appellant.

James Masters, South Bend, Indiana, Craig Braje, Michigan City, Indiana, Rebecca H. Fischer, South Bend, Indiana, Attorneys for Appellees.

## OPINION

RATLIFF, Senior Judge

### STATEMENT OF THE CASE

Plaintiff–Appellant Cynthia Hedge, as prosecutor for Laporte County, Indiana, filed

complaints and amended complaints alleging that Defendants–Appellees Susi Spa; Calumet National Bank (Calumet), personally and as Trustee; Pritz Construction, Inc. (Pritz Construction); Wallace S. Pritz, Lorraine Pritz, Bruce Pritz (collectively, "Pritz"); Evergreen Real Estate (Evergreen); and others were persons who should be enjoined under Ind.Code § 34–1–52.5–2.[1] The trial court granted Calumet, Pritz, Pritz Construction, and Evergreen's motion to strike the complaint and amended complaint and to dismiss the action. Hedge now appeals the trial court's ruling. On cross-appeal, Calumet, Pritz, Pritz Construction, and Evergreen appeal the trial court's denial of a request that Hedge pay the attorney fees and costs related to their successful efforts to have a second amended complaint stricken.

We reverse and remand.[2]

## ISSUE

The following issue is dispositive: whether the trial court erred in striking Hedge's complaint.

## FACTS AND PROCEDURAL HISTORY

This case began with the filing of a complaint and application for injunction pursuant to the Indiana Indecent Nuisance Statute.[3] The complaint alleged that Susi Spa was a place where prostitution, deviate sexual conduct or fondling of the genitals was conducted, permitted, and existed, and as such, Susi Spa was a "nuisance" as defined in Ind.Code § 34–1–52.5–1. The complaint alleged that Calumet, Pritz, Pritz Construction, and Evergreen[4] were owners of an interest in the nuisance, and as such, they were each "guilty of maintaining a nuisance and subject to being enjoined" pursuant to Ind.Code § 34–

1–52.5. (R. 11). The complaint requested that the trial court enter a judgment abating the nuisance and perpetually enjoining the defendants from maintaining the nuisance. The complaint included statements of the particular facts of the action and a verification stating that "the foregoing representations are true as I verily believe." (R. 13).

At the same time that she filed the complaint, Hedge also filed an "Application For Preliminary Injunction and For Issuance of Ex Parte Restraining Order." (R. 14). This application contained the same verification as the complaint.

The trial court issued a restraining order against all of the defendants pursuant to Ind.Code § 34–1–52.5–4.[5] This statute authorizes a court to issue an ex-parte restraining order "restraining the defendant and all other persons from removing or in any manner interfering with the personal property and contents of the place where the indecent nuisance is alleged to exist until the decision of the court granting or refusing a preliminary injunction and until further order of the court." The defendants agreed to a subsequent order stating that the restraining order was to be continued as a preliminary injunction. The agreement provided that the defendants did not waive any claims or defenses by agreeing to the preliminary injunction.

After learning that Hedge did not have "personal knowledge" of the facts alleged in the complaint and application, the defendants filed a motion to dismiss the complaint and application on the basis that the complaint and application were not properly verified. They followed the motion to dismiss by filing a motion to strike the complaint and application. The trial court denied the motion to dismiss on the basis that the verification was

---

1. This statute has been repealed and recodified, and it can now be found at Ind.Code § 34–19–2–1.

2. Hedge's appeal of the trial court's dismissal of her action against Susi Spa has been consolidated with her appeal of the trial court's dismissal of a similar action against Oriental Health Spa. The parties and facts of the Oriental Health Spa case duplicate those of the Susi Spa action. Our ruling pertains to both appeals.

3. The Statute was formerly found at Ind.Code § 34–1–52.5–1 et seq. It is now found at Ind. Code § 34–19–2–1 et seq. The former statute was in effect at the time of the filing of the complaints.

4. Whenever possible, Calumet, Pritz Construction, Pritz, and Evergreen will hereinafter be referred to as the "defendants."

5. This statute is currently denominated as Ind. Code § 34–19–2–4.

technically correct, but it granted the motion to strike. The trial court then dismissed the action as it pertained to the defendants. It further dismissed an amended complaint that had been filed by Hedge in response to the defendants' motion to dismiss.

Hedge responded to the dismissal of the action by filing a second amended complaint. The defendants responded by filing a motion to strike the amended complaint, which was granted. Hedge now appeals.

## DISCUSSION AND DECISION

■ Hedge contends that the trial court erred in granting the defendants' motion to strike the complaint and application. The motion states that "pursuant to T.R. 11(A), [the defendants] move to strike ... for the reasons that the pleadings were signed by [Hedge] with intent to defeat the purpose of Trial Rule 11 that a complaint for injunctive relief be verifief [sic] under the penalties for perjury by a person with personal knowledge of the truth of the facts alleged in support of the injunctive relief sought." (R. 464). The purpose and reasoning behind the motion was best summed up by Pritz's counsel at the hearing on the motion, when counsel stated,

> "Now, the Motion to Strike addresses the verification itself. What we've got here is a complaint that was filed, represented to the Court to be a verified complaint to support the issuance of an injunction. And then we find out later on by the plaintiff's own admission that the substantive requirements of law that the plaintiff has personal knowledge of the facts supporting the allegations aren't there because the plaintiff herself admits that she doesn't have any knowledge of the substantive facts.
>
> I submit that is a sham and false pleading, and Trial Rule 11 allows for that pleading to be [stricken] ... If you strike the pleading, there is nothing else before the Court to support the issuance of the temporary restraining order.
>
> The only basis for the issuance of the preliminary injunction that's before the Court is the verified complaint, which is

defective, which is a false pleading, which was submitted to get an injunction issued by a court without complying with the substantive rules necessary to support the issuance of an injunction. That pleading should be struck.
>
> When you strike that pleading, then there is no basis for [a] preliminary injunction before the Court, and the injunction should be dissolved. That is the sum and substance of our argument as to the preliminary injunction. There is nothing before this Court to support the preliminary injunction, and it should be dissolved."

(Supp.R. at 159–60). The trial court granted the defendants' motion, stating in its order that it was doing so because the temporary restraining order had been "improvidently granted" and could therefore not "supply a basis for the continuation of injunctive relief...." (R. 668). The court further stated that "the conclusion that the injunctive relief was improvidently granted is predicated upon the fact that albeit verified, the pleadings which formed the basis for the injunctive relief were not based on first-hand knowledge...." (R. 668–69).

Ind.Trial Rule 11(A), the rule relied upon by the defendants in their motion, states that pleadings or motions need be verified or accompanied by an affidavit only when "specifically required by rule." The rule further provides that a pleading or motion may be stricken "as sham and false" if the pleading or motion is "not signed or is signed with intent to defeat the purpose of the rule." Ind.Trial Rule 65(B) requires the plaintiff requesting a temporary restraining order to file an affidavit or verified complaint. T.R. 65(A), dealing with preliminary injunctions, has no such requirement. Instead, T.R. 65(A)(1) provides that "[n]o preliminary injunction shall be issued without an opportunity for a hearing upon notice to the adverse party." T.R. 65(A)(1), however, should be read in conjunction with Ind.Code § 34–1–10–3 [6], which provides that "[i]n all applications for an injunction, the complaint or as much of the complaint as pertains to the acts or proceedings to be enjoined, must be verified by affidavit."

**6.** This statute has been repealed and recodified as Ind.Code § 34–26–1–7.

The requirement set forth in Ind.Code § 34–1–10–3 is exactly the same requirement set forth by a corresponding statute over one hundred and twenty years ago. The requirement was interpreted by our supreme court in *Sand Creek Turnpike Co. v. Robbins,* 41 Ind. 79 (1872). After noting that the statute provided that "in all applications for an injunction, the complaint, or so much thereof as pertains to the acts or proceedings to be enjoined, shall be verified by affidavit.'" the court held that:

> [W]e think it is clear that the verification is required only in cases where a restraining order or temporary injunction is sought before final judgment in the action, and that where the sole relief sought is to be had in the final judgment of the court, no verification is necessary. We see no good reason for requiring a verification where the remedy sought is the final judgment enjoining the act or acts complained of. If the defendant deny the facts, he puts the plaintiff upon the proof of them before the court or jury, and such proof is not strengthened any by his previous verification of them. If the defendant admit the facts, expressly or by failing to controvert them, the admission is not strengthened by such verification.
>
> But where an injunction is sought pending the action, the facts must be verified. Until the facts have been admitted, or found by the court or jury, they are not established; and until the facts are established or sworn to, an injunction should not be granted. But where the only relief sought is to be afforded by the final judgment of the court, inasmuch as such judgment cannot be rendered until the facts authorizing it have been established, either by admission or trial, and finding or verdict, there is no more reason that the complaint should be sworn to, than there is that all complaints should be sworn to.
>
> If the complaint is not duly verified, it is doubtless, good ground for refusing a restraining order or temporary injunction pending the action, and perhaps ground for setting it aside where it has been unad-

visedly granted; but it is no ground for rejecting or setting aside a complaint which asks an injunction as the final relief prayed for.

*Id.* at 81–82.

The complaint in the present case clearly contemplates the entry of a permanent injunction only as part of the final judgment. Accordingly, the injunction, if issued at all, will be issued only after a hearing on the facts and allegations set forth in the complaint. Like the court in *Sand Creek,* we see no reason to set aside the complaint.

■ Hedge's signature on the complaint indicated that to the best of her knowledge, information, and belief, there was good ground to make the averments contained in the complaint. This is sufficient to meet the requirements of T.R. 11(A); personal knowledge of the facts is not required. By affixing the purely extraneous verification, Hedge was not attempting to "defeat the purpose of" T.R. 11. The complaint was not a "sham and false" document purporting to meet some unreasonable and nonexistent requirement that a prosecutor have personal knowledge of the facts included in every case that she files.

■ Assuming, without deciding, that the verification found in the application was defective, we must agree with the trial court that the ex parte restraining order was "improvidently granted." However, we cannot agree with the trial court that the preliminary injunction should have been dissolved. The defendants entered an agreed order that the preliminary injunction should take effect. They entered into this agreement after receiving notice of the scheduled hearing on the application for preliminary injunction. Thus, they agreed to the injunction in lieu of forcing Hedge to put on evidence in support of the application. They were afforded the protection set forth in T.R. 65(A)(1), and if there is any harm that was occasioned by the assumed faulty verification, it was remedied.[7]

The defendants make additional arguments in an attempt to show that the action was properly dismissed by the trial court. These

---

7. We note that T.R. 65(A)(1)'s requirement of a hearing before the issuance of a preliminary in-

junction gives more protection to the defendant than the statutory requirement of verification.

arguments do not go to the only question before both the trial court and this court, i.e. whether the complaint and application should have been stricken as violative of T.R. 11(A). Furthermore, these arguments are more appropriate for consideration by the trial court upon the filing of a motion for summary judgment and the development of the record that such a motion requires.

## CONCLUSION

The trial court erred in striking the complaint, dismissing the preliminary injunction, and dismissing the action.

Reversed and remanded for further proceedings consistent with this opinion.

SHARPNACK, C.J., concurs.

RUCKER, J., concurs in result.